**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CENTRAL PINES LAND COMPANY, ET AL. | ) | |
| | ) | |
| Plaintiffs, | ) | No. 98-314 L |
| | ) | |
| vs. | ) | |
| | ) | Chief Judge Edward J. Damich |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S UNOPPOSED MOTION TO EXTEND TIME TO COMPLETE EXPERT DISCLOSURES AND MODIFY THE COURT'S SCHEDULING ORDER**

Defendant respectfully submits this motion to extend time to complete expert disclosures and modify the Court's scheduling order. The Court has twice extended the deadline for expert disclosures. Defendant regrets having to make an additional request, but is forced to do so by recent events relating to Hurricane Katrina in Louisiana.

The current schedule is as follows:

| | |
|---|---|
| September 30, 2005 | Defendant identifies and discloses expert witnesses pursuant to Rule 26(a)(2) of the Court's Rules. |
| November 30, 2005 | Close of discovery. |
| December 14, 2005 | Post-discovery joint status report due. |
| January 10, 2006 | Post-discovery telephonic status conference. |

Earlier in this matter, Defendant retained an expert geologist. This individual died suddenly in June of this year. Following the death of Defendant's original geologist, Defendant retained a new geologist, based in Metairie, Louisiana, who is preparing an expert report on Defendant's behalf on an expedited basis.

As a result of Hurricane Katrina, Defendant's geologist's office sustained water intrusion from the top and bottom and structural damage. The office was rendered uninhabitable and had to be evacuated. Defendant's geologist was without phone service for over two weeks and lost many documents and files from several matters. Defendant's geologist was also forced out of his home by the storm and has had to relocate his family to a new home and enroll his children in new schools. Defendant's geologist has since relocated to Lafayette, Louisiana and leased new office space, but it is expected to be several weeks before the new office is fully functional.

As a result of the storm damage and forced relocation, Defendant's geologist will not be

able to complete his expert report by the current deadline - September 30, 2005. Because Defendant's geologist will need additional time to resettle his family and set up his office, Defendant respectfully requests that the Court grant an additional sixty one (61) days for Defendant to complete expert disclosures.[1/] Defendant has discussed this matter with Plaintiffs who have stated that they do not oppose the present motion.

Accordingly, pursuant to RCFC 6.1, Defendant requests that the Court modify its scheduling order as follows:

| | |
|---|---|
| November 30, 2005 | Defendant identifies and discloses expert witnesses pursuant to Rule 26(a)(2) of the Court's Rules. |
| January 30, 2006 | Close of discovery. |
| February 14, 2006 | Post-discovery joint status report due. |
| March 10, 2006 | Post-discovery telephonic status conference. |

//

//

//

//

//

[1/] Defendant has also hired a petroleum engineer to prepare an expert report on Defendant's behalf in the present case. Because the petroleum engineer will be utilizing the conclusions of the geologist in his own report, he will need the same additional time.

Dated: September 16, 2005

Respectfully submitted,

/s/ Alex Kriegsman

ALEX KRIEGSMAN
Natural Resources Section
Environment and Natural Res. Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-3022
Fax: (202) 305-0506

TERRY PETRIE
Natural Resources Section
Environment and Natural Res. Division
U.S. Department of Justice
999 18th Street
Suite 945, North Tower
Denver, CO 80202
Tel: (303) 312-7327

ATTORNEYS FOR DEFENDANT