STATE OF LOUISIANA
PARISH OF CALCASIEU

# ACT OF EXCHANGE

BE IT KNOWN, that before me, the undersigned Notary Public, duly commissioned and qualified in and for the State and Parish aforesaid, and in the presence of the witnesses hereinafter named and undersigned, individually came and appeared:

**J. LAWTON COMPANY**, a Louisiana corporation whose address is 101 North Huntington Street, Sulphur, Louisiana 70663-2601, herein represented by Jack E. Lawton, Jr., its duly authorized President; and

**JACK LAWTON, INC.**, a Louisiana corporation whose address is 101 North Huntington Street, Sulphur, Louisiana 70663-2601, herein represented by Jack E. Lawton, Jr., its duly authorized President; and

**GUM COVE VENTURES, INC.**, a Louisiana corporation whose address is 101 North Huntington Street, Sulphur, Louisiana 70663-2601, herein represented by Jack E. Lawton, Sr., its duly authorized President; and

**JACK E. LAWTON, SR.**, also known as JACK E. LAWTON, and also known as JACK EDWARD LAWTON, and also known as JACK EDWARD LAWTON, SR., a competent Louisiana resident of Calcasieu Parish married to and living with Dorothy Sonnier Lawton, but dealing herein with his separate property, whose address is 101 North Huntington Street, Sulphur, Louisiana 70663-2601; and

**DOROTHY SONNIER LAWTON**, a competent Louisiana resident of Calcasieu Parish married to and living with Jack E. Lawton, Sr., whose address is 101 North Huntington Street, Sulphur, Louisiana 70663-2601;

each of whom being duly sworn did depose and say individually:

J. LAWTON COMPANY, JACK LAWTON, INC., GUM COVE VENTURES, INC., JACK E. LAWTON, SR. and DOROTHY SONNIER LAWTON, each recognizing their own changing business interests, objectives, needs and resources, and that of the other, by these presents make this exchange of property on the express terms and conditions hereinafter set forth.

FOR AND IN CONSIDERATION of the transfer to it, as hereinafter set forth, JACK LAWTON, INC., and to the extent that it owns any interest in the mineral royalty described hereinafter, J. LAWTON COMPANY, do hereby grant, bargain, assign, set over, transfer and deliver, without warranty of title but with full substitution and subrogation in and to all the rights and actions of warranty which it has or may have against all preceding owners and vendors, except as to William T. Burton, personally, and except as to Wm. T. Burton Industries, Inc., and except as to William B. Lawton Company, Inc., unto JACK E. LAWTON, SR., any and all interest in the mineral royalty, as defined in L.S.A.-R.S. 80 et. seq., in and to all oil, gas, other hydrocarbons, solid, liquid or gaseous, and all other minerals, solid and otherwise, of every kind and character in, on or under and to be produced from the immovable property, the mineral interests and/or royalty interests described on Exhibit "A-1" attached hereto and incorporated herein.

JACK E. LAWTON, SR., JACK LAWTON, INC. and J. LAWTON COMPANY specifically stipulate and agree that the mineral royalty conveyed above is the same royalty reserved by JACK LAWTON, INC. in that certain July 19, 1995 Act Of Exchange By And Between Jack Lawton, Inc. And J. Lawton Company, recorded in Allen Parish in Book 352, page 158, file no. 377,295, and in Beauregard Parish at Book 607, Page 655, file no. 384334, and in Calcasieu Parish in Book 2489, page 8, file no. 2261497, and in Cameron Parish in Book 819, page 472, file no. 241826, and in Evangeline Parish in



EXHIBIT NN

Book C-209, page 461, file no. 485648, and in Iberia Parish in Conveyance Book 1096, page 634, file no. 95-5499, and in Iberville Parish in Conveyance Book 480, page 251, and in Jefferson Davis Parish in Conveyance Book 803, page 588, file no. 528350, and in Rapides Parish in Conveyance Book 1441, page 404, file no. 1004190, and in St. Martin Parish in Conveyance Book 1221, page 336, file no. 276237, and in Vernon Parish in Conveyance Book 826, page 243, file no. 492898, as amended and corrected from time to time.

Additionally, JACK LAWTON, INC. does hereby grant, bargain, assign, set over, transfer and deliver, without warranty of title but with full substitution and subrogation in and to all the rights and actions of warranty which it has or may have against all preceding owners and vendors, except as to William T. Burton, personally, and except as to Wm. T. Burton Industries, Inc., and except as to William B. Lawton Company, Inc., unto JACK E. LAWTON, SR., any and all interest in the royalty provided for in the subleases of the oil, gas, hydrocarbon and/or mineral leases described on Exhibit "A-2" attached hereto and incorporated herein.

Additionally, JACK LAWTON, INC. does hereby grant, bargain, assign, set over, transfer and deliver, without warranty of title but with full substitution and subrogation in and to all the rights and actions of warranty which it has or may have against all preceding owners and vendors, except as to William T. Burton, personally, and except as to Wm. T. Burton Industries, Inc., and except as to William B. Lawton Company, Inc., unto JACK E. LAWTON, SR., any and all interest in the royalty provided for, payable under, associated with or burdening the immovable property described in and/or related to the oil, gas, hydrocarbon and/or mineral leases described on Exhibit "A-3", as well as provided for, payable under, associated with or burdening the immovable property, units and/or wells described on Exhibit "A-3", attached hereto and incorporated herein.

AND NOW, for and in consideration of the foregoing transfer to it of the above described mineral royalty, JACK E. LAWTON, SR. does hereby grant, bargain, assign, set over, transfer and deliver, without warranty of title but with full substitution and subrogation in and to all the legal rights and actions of warranty which it has or may have against all preceding owners and vendors, except as to William T. Burton personally, and except as to Evelyn Burton Lawton personally, and except as to Joseph Alfred Lawton personally, and subject to the hereinafter mineral royalty reservation, unto J. LAWTON COMPANY the immovable property described on Exhibit "B" attached hereto and incorporated herein.

Further, for and in consideration of the foregoing transfer to it of the above described mineral royalty to JACK E. LAWTON, SR., as well as other good and valuable consideration received by each of them, JACK E. LAWTON, SR. does hereby grant, bargain, assign, set over, transfer and deliver, without warranty of title but with full substitution and subrogation in and to all the legal rights and actions of warranty which it has or may have against all preceding owners and vendors, except as to William T. Burton personally, and except as to Evelyn Burton Lawton personally, and except as to Joseph Alfred Lawton personally, and subject to the hereinafter mineral royalty reservation, unto J. LAWTON COMPANY the immovable property described on Exhibit "C" attached hereto and incorporated herein.

Further, for and in consideration of the foregoing transfer of the above described mineral royalty to JACK E. LAWTON, SR., as well as other good and valuable consideration received by each of them, JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. do hereby grant, bargain, assign, set over, transfer and deliver, without warranty of title but with full substitution and subrogation in and to all the legal rights and actions of warranty which it has or may have against all preceding owners and vendors, except as to JACK E. LAWTON, SR., and except as to DOROTHY SONNIER LAWTON personally, and except as to William T. Burton personally, and except as to Evelyn Burton Lawton personally, and except as to Joseph Alfred Lawton personally, and subject to the hereinafter mineral royalty reservation, unto J. LAWTON COMPANY the immovable property described on Exhibit "D" attached hereto and incorporated herein.

JACK E. LAWTON, SR. hereby reserves unto himself, as well as unto his heirs and assigns, a mineral royalty interest equal to 100% of 8/8ths, as defined in L.S.A.-R.S. 80 et. seq., in and to all oil, gas, other hydrocarbons, solid, liquid or gaseous, and all other minerals, solid and otherwise, of every kind and character in, on or under and to be produced from the immovable property described on Exhibit "B" and on Exhibit "C", subject to the following terms and conditions.

Out of an abundance of caution, if, and only if, JACK E. LAWTON, SR. does not own a mineral royalty burdening all of the immovable property described on Exhibit "C", GUM COVE VENTURES, INC. hereby reserves unto itself, as well as unto its successors and assigns, a mineral royalty interest equal to 100% of 8/8ths, as defined in L.S.A.-R.S. 80 et. seq., in and to all oil, gas, other hydrocarbons, solid, liquid or gaseous, and all other minerals, solid and otherwise, of every kind and character in, on or under and to be produced from the immovable property described on Exhibit "C", subject to the following terms and conditions.

Further, JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. each hereby reserves unto itself, as well as unto each's heirs, successors and assigns, a mineral royalty interest equal to 37% of 8/8ths and to 67% of 8/8ths, respectively, as defined in L.S.A.-R.S. 80 et. seq., in and to all oil, gas, other hydrocarbons, solid, liquid or gaseous, and all other minerals, solid and otherwise, of every kind and character in, on or under and to be produced from the immovable property described on Exhibit "D", subject to the following terms and conditions.

A. ROYALTY RESERVED

1. JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC. and J. LAWTON COMPANY specifically stipulate and agree that the mineral royalty reserved herein by JACK E. LAWTON, SR. and by GUM COVE VENTURES, INC. is and shall remain a charge and burden on the immovable property described in Exhibit "B" and in Exhibit "C" and in Exhibit "D", and the said royalty reserved herein is and shall remain binding upon any future owner of the immovable property, or any portion thereof, described in Exhibit "B" and in Exhibit "C" and in Exhibit "D", as well as upon any future owner or lessee of the mineral interests associated with the immovable property, or any portion thereof, described in Exhibit "B" and in Exhibit "C" and in Exhibit "D". Further, JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC. and J. LAWTON COMPANY specifically stipulate and agree that the mineral royalty reserved herein by JACK E. LAWTON, SR. and by GUM COVE VENTURES, INC. shall be limited to and delivered and/or paid out of the interests of J. LAWTON COMPANY, or of any future owner of the interests of J. LAWTON COMPANY, out of any oil, gas, hydrocarbon or other mineral associated with, produced from and/or allocated or attributed to these interests.

2. JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC. and J. LAWTON COMPANY specifically stipulate and agree that the mineral royalty reserved and/or provided for in any oil, gas, hydrocarbon and/or mineral lease on the immovable property, or any portion thereof, described in Exhibit "B" and in Exhibit "C" and in Exhibit "D" shall be the total royalty obligation of the mineral owner and/or lessee to JACK E. LAWTON, SR. and to GUM COVE VENTURES, INC. for any oil, gas, hydrocarbon or other mineral associated with, produced from and/or allocated or attributed to the immovable property, or any portion thereof, described in Exhibit "B" and in Exhibit "C" and in Exhibit "D" under said oil, gas, hydrocarbon and/or mineral lease.

3. JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC. and J. LAWTON COMPANY specifically stipulate and agree that the above reservation by JACK E. LAWTON, SR. and by GUM COVE VENTURES, INC. is of a mineral royalty interest as distinguished from a mineral servitude. JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC. and J. LAWTON COMPANY specifically stipulate and agree also that all executive rights to grant future oil, gas, hydrocarbon and mineral leases for the immovable property, or any portion thereof, described in Exhibit "B" and in Exhibit "C" and in Exhibit "D", as well as to

make amendments and supplements thereto, are conveyed herein to J. LAWTON COMPANY, all on such terms as J. LAWTON COMPANY may deem desirable.

4. Availing themselves of the provisions of L.S.A.-R.S. 31:33, JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC. and J. LAWTON COMPANY specifically stipulate and agree, that should prescription of the mineral reservation made herein by JACK E. LAWTON, SR. and by GUM COVE VENTURES, INC. be interrupted (under the provisions of Louisiana law and particularly L.S.A.-R.S. 31:33 and L.S.A.-R.S. 31:37) as to any part of the immovable property conveyed herein by JACK E. LAWTON, SR. or by GUM COVE VENTURES, INC. because that part is included in a conventional or compulsory unity with any other immovable property, including a different part of the immovable property conveyed herein by JACK E. LAWTON, SR. or by GUM COVE VENTURES, INC., on which the unit well is located, then such interruption of prescription as to the immovable property included in said unit shall extend to all of the immovable property conveyed hereby contiguous with the immovable property in said unit, and the running of prescription on this mineral reservation made herein by JACK E. LAWTON, SR. and by GUM COVE VENTURES, INC. shall be interrupted as to all such contiguous immovable property, it being the intention of the parties hereto that JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. receive the maximum benefits available to JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. under L.S.A.-R.S. 31:10 and L.S.A.-R.S. 31:75.

5. Availing themselves of the provisions of L.S.A.-R.S. 31:54 et seq. and L.S.A.-R.S. 31:93 et seq., JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC. and J. LAWTON COMPANY specifically stipulate and agree, that GUM COVE VENTURES, INC. acknowledges the existence of the mineral royalty reserved by JACK E. LAWTON, SR. and DOROTHY SONNIER LAWTON in that certain November 8, 1989 Deed by and between Jack Edward Lawton, Sr., Dorothy Sonnier Lawton and Gum Cove Ventures, Inc., recorded in Calcasieu Parish under file no. 2040768 on November 10, 1989, as amended and corrected from time to time. Further, GUM COVE VENTURES, INC. intends to and hereby does interrupt on the date of this instrument prescription running on the said mineral royalty described in the said November 8, 1989 Deed by and between Jack Edward Lawton, Sr., Dorothy Sonnier Lawton and Gum Cove Ventures, Inc.

6. This exchange is made upon the express condition that JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. each shall be free from any and all liabilities and claims for damages and/or suits for or by reason of any injury or injuries or death to any person or persons, or damage to property or loss of property of any kind whatsoever, whether the person be, or property be that of, JACK LAWTON, INC. and/or J. LAWTON COMPANY, and/or each's agents, shareholders, directors, officers, employees, servants, licensees, grantees, permittees, contractors, subcontractors or third persons, from any cause or causes whatsoever while on, about or around the immovable property described herein, or any part thereof, or on any facility used as a result of or in connection with the operations of JACK LAWTON, INC. and/or J. LAWTON COMPANY on, about or around the immovable property described herein, or occasioned by any occupancy or use of the immovable property described herein, or any activity carried on by JACK LAWTON, INC. and/or J. LAWTON COMPANY in connection therewith. JACK LAWTON, INC. and J. LAWTON COMPANY each hereby covenants and agrees to defend, indemnify and save harmless JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. each from all losses, damages, liabilities, charges, expenses, fines, penalties, attorney's fees and costs on account of or by reason of such injuries, deaths, damages, liabilities, claims, suits or losses however occurring, and any damages growing out of same. This indemnity shall apply regardless of whether said loss, damage, liability, claims, demands, fines, penalties, or suits are occasioned, brought about or caused, in whole or in part, by the negligence of JACK E. LAWTON, SR. and/or GUM COVE VENTURES, INC., and/or each's shareholders, agents, directors, officers, employees, servants, licensees, grantees, permittees, contractors or subcontractors, and regardless of whether such negligence be active or passive, primary or secondary. This indemnity shall also apply regardless of whether said loss, damage, liability, claims, demand or suits are occasioned, brought about or caused, in whole or in part, by the strict

liability of JACK E. LAWTON, SR. and/or GUM COVE VENTURES, INC., and/or each's shareholders, agents, directors, officers, employees, servants, licensees, grantees, permittees, contractors or subcontractors, it being the intention of the parties hereto that JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. each be indemnified by JACK LAWTON, INC. and J. LAWTON COMPANY against the consequences of its strict liability. This indemnity shall inure, by stipulation pour *autrui*, to the benefit of the shareholders, agents, directors, officers, employees and servants of each of JACK E. LAWTON, SR. and GUM COVE VENTURES, INC., and any one of them may exercise this right of indemnity against JACK LAWTON, INC. and/or J. LAWTON COMPANY independently of JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. or of others.

JACK LAWTON, INC. and J. LAWTON COMPANY, at its expense, shall obtain and keep in force during the term of this exchange, for the protection of JACK LAWTON, INC., J. LAWTON COMPANY, JACK E. LAWTON, SR. and GUM COVE VENTURES, INC., as well as each's shareholders, agents, directors, officers, employees and servants, as their interest may appear, Commercial General Liability insurance with limits of not less than $2,000,000.00 combined single limit per occurrence with an insurance company reasonably acceptable to JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. each shall be named as a named insured under such policy or policies, and JACK LAWTON, INC. and J. LAWTON COMPANY shall supply or cause to be supplied to JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. evidence of such insurance.

B. ROYALTY CONVEYED

1. JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC. and J. LAWTON COMPANY specifically stipulate and agree that the mineral royalty conveyed herein to JACK E. LAWTON, SR. is and shall remain a charge and burden on the immovable property, mineral interests and/or royalty interests described in Exhibit "A-1", as well as a charge and burden on the royalty provided for in the subleases of the oil, gas, hydrocarbon and/or mineral leases described on Exhibit "A-2", as well as a charge and burden on the immovable property and/or the oil, gas, hydrocarbon and/or mineral leases affecting or related to the immovable property, units and/or wells described on Exhibit "A-3", and that the said royalty conveyed herein is and shall remain binding upon any future owner of the immovable property, mineral interest and/or royalty interest, or any portion thereof, described in Exhibit "A-1", as well as upon any future owner or lessee of the mineral interests associated with the immovable property, mineral interests and/or royalty interests, or any portion thereof, described in Exhibit "A-1", as well as upon any future owner of the subleases and/or oil, gas, hydrocarbon and/or mineral leases described on Exhibit "A-2", as well as upon any future owner or lessee of the mineral interests associated with the immovable property and/or the oil, gas, hydrocarbon and/or mineral leases affecting or related to the immovable property, units and/or wells described on Exhibit "A-3". Further, JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC. and J. LAWTON COMPANY specifically stipulate and agree that the mineral royalty conveyed herein to JACK E. LAWTON, SR. shall be limited to and delivered and/or paid out of the interests of JACK LAWTON, INC. and/or J. LAWTON COMPANY , or of any future owner of the interests of JACK LAWTON, INC. and/or J. LAWTON COMPANY, out of any oil, gas, hydrocarbon or other mineral associated with, produced from and/or allocated or attributed to these interests.

2. JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC. and J. LAWTON COMPANY specifically stipulate and agree that the mineral royalty reserved and/or provided for in any present or future oil, gas, hydrocarbon and/or mineral lease on the immovable property and/or immovable property rights, or any portion thereof, described in Exhibit "A-1" shall be the total royalty obligation of the mineral owner and/or lessee to JACK E. LAWTON, SR. for any oil, gas, hydrocarbon or other mineral associated with, produced from and/or allocated or attributed to the

immovable property and/or immovable property rights, or any portion thereof, described in Exhibit "A-1" under said oil, gas, hydrocarbon and/or mineral lease.

3. JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC. and J. LAWTON COMPANY specifically stipulate and agree that all executive rights to grant future oil, gas, hydrocarbon and mineral leases for the immovable property mineral interests and/or royalty interests, or any portion thereof, described in Exhibit "A-1", as well as to make amendments and supplements thereto, are reserved herein by J. LAWTON COMPANY, all on such terms as J. LAWTON COMPANY may deem desirable.

4. Availing themselves of the provisions of L.S.A.-R.S. 31:33, JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC. and J. LAWTON COMPANY specifically stipulate and agree, that should prescription of the mineral royalty conveyance made herein to JACK E. LAWTON, SR. be interrupted (under the provisions of Louisiana law and particularly L.S.A.-R.S. 31:33 and L.S.A.-R.S. 31:37) as to any part of the immovable property, mineral interests and/or royalty interests burdened by the mineral royalty conveyed herein to JACK E. LAWTON, SR. because that part is included in a conventional or compulsory unit with any other immovable property, mineral interest and/or royalty interest, including a different part of the immovable property, mineral interests and/or royalty interests burdened by the mineral royalty conveyed herein to JACK E. LAWTON, SR., on which the unit well is located, then such interruption of prescription as to the immovable property, mineral interest and/or royalty interest included in said unit shall extend to all of the immovable property, mineral interest and/or royalty interest burdened by the mineral royalty conveyed herein contiguous with the immovable property, mineral interest and/or royalty interest in said unit, and the running of prescription on this mineral royalty conveyance made herein to JACK E. LAWTON, SR. shall be interrupted as to all such contiguous immovable property, mineral interest and/or royalty interest, it being the intention of the parties hereto that JACK E. LAWTON, SR. receive the maximum benefits available to JACK E. LAWTON, SR. under L.S.A.-R.S. 31:10 and L.S.A.-R.S. 31:75.

5. Availing themselves of the provisions of L.S.A.-R.S. 31:54 et seq. and L.S.A.-R.S. 31:93 et seq., JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC. and J. LAWTON COMPANY specifically stipulate and agree, that J. LAWTON COMPANY acknowledges the existence of the mineral royalty reserved by JACK LAWTON, INC. in that certain July 19, 1995 Act Of Exchange By And Between Jack Lawton, Inc. And J. Lawton Company, recorded in Allen Parish in Book 352, page 158, file no. 377,295, and in Beauregard Parish at Book 607, Page 655, file no. 384334, and in Calcasieu Parish in Book 2489, page 8, file no. 2261497, and in Cameron Parish in Book 819, page 472, file no. 241826, and in Evangeline Parish in Book C-209, page 461, file no. 485648, and in Iberia Parish in Conveyance Book 1096, page 634, file no. 95-5499, and in Iberville Parish in Conveyance Book 480, page 251, and in Jefferson Davis Parish in Conveyance Book 803, page 588, file no. 528350, and in Rapides Parish in Conveyance Book 1441, page 404, file no. 1004190, and in St. Martin Parish in Conveyance Book 1221, page 336, file no. 276237, and in Vernon Parish in Conveyance Book 826, page 243, file no. 492898, as amended and corrected from time to time. Further, J. LAWTON COMPANY intends to and hereby does interrupt on the date of this instrument prescription running on the said mineral royalty described in the said July 19, 1995 Act Of Exchange By And Between Jack Lawton, Inc. And J. Lawton Company.

6. This exchange is made upon the express condition that JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. each shall be free from any and all liabilities and claims for damages and/or suits for or by reason of any injury or injuries or death to any person or persons, or damage to property or loss of property of any kind whatsoever, whether the person be, or property be that of, JACK LAWTON, INC. and/or J. LAWTON COMPANY, and/or each's agents, shareholders, directors, officers, employees, servants, licensees, grantees, permittees, contractors or subcontractors, or third persons, from any cause or causes whatsoever while on, about or around the immovable property described herein, or any part thereof, or on any facility used as a result of or in connection with the operations of JACK LAWTON, INC. and/or J.

LAWTON COMPANY on, about or around the immovable property described herein, or occasioned by any occupancy or use of the immovable property described herein, or any activity carried on by JACK LAWTON, INC. and/or J. LAWTON COMPANY in connection therewith. JACK LAWTON, INC. and J. LAWTON COMPANY each hereby covenants and agrees to defend, indemnify and save harmless JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. each from all losses, damages, liabilities, charges, expenses, fines, penalties, attorney's fees and costs on account of or by reason of such injuries, deaths, damages, liabilities, claims, suits or losses however occurring, and any damages growing out of same. This indemnity shall apply regardless of whether said loss, damage, liability, claims, demands, fines, penalties, or suits are occasioned, brought about or caused, in whole or in part, by the negligence of JACK E. LAWTON, SR. and/or GUM COVE VENTURES, INC., and/or each's shareholders, agents, directors, officers, employees, servants licensees, grantees, permittees, contractors or subcontractors, and regardless of whether such negligence be active or passive, primary or secondary. This indemnity shall also apply regardless of whether said loss, damage, liability, claims, demand or suits are occasioned, brought about or caused, in whole or in part, by the strict liability of JACK E. LAWTON, SR. and/or GUM COVE VENTURES, INC., and/or each's shareholders, agents, directors, officers, employees, servants, licensees, grantees permittees, contractors or subcontractors, it being the intention of the parties hereto that JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. each be indemnified by JACK LAWTON, INC. and J. LAWTON COMPANY against the consequences of its strict liability. This indemnity shall inure, by stipulation pour *autrui,* to the benefit of the shareholders, agents, directors, officers, employees and servants of each of JACK E. LAWTON, SR. and GUM COVE VENTURES, INC., and any one of them may exercise this right of indemnity against JACK LAWTON, INC. and/or J. LAWTON COMPANY independently of JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. or of others.

JACK LAWTON, INC. and J. LAWTON COMPANY, at its expense, shall obtain and keep in force during the term of this exchange, for the protection of JACK LAWTON, INC., J. LAWTON COMPANY, JACK E. LAWTON, SR. and GUM COVE VENTURES, INC., as well as each's shareholders, agents, directors, officers, employees and servants, as their interest may appear, Commercial General Liability insurance with limits of not less than $2,000,000.00 combined single limit per occurrence with an insurance company reasonably acceptable to JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. each shall be named as a named insured under such policy or policies, and JACK LAWTON, INC. and J. LAWTON COMPANY shall supply or cause to be supplied to JACK E. LAWTON, SR. and GUM COVE VENTURES, INC. evidence of such insurance.

C. GENERAL TERMS

1. JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC. and J. LAWTON COMPANY specifically stipulate and agree that this exchange is made and mutually agreed to and accepted by the parties hereto effective as of the last date a party hereto executes this instrument, it being stipulated, agreed and understood that JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC. and J. LAWTON COMPANY receive properties of equal value as well, as good and valuable consideration, and that no additional consideration being due to either party.

2. JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC. and J. LAWTON COMPANY specifically stipulate and agree that J. LAWTON COMPANY is the party hereto responsible for the payment of any and all taxes levied against the immovable property, whether levied or existing now or levied or coming into existence after the effective date of this agreement, described on Exhibit "A-1", on Exhibit "B", on Exhibit "C" and on Exhibit "D".

NOW COMES DOROTHY SONNIER LAWTON who acknowledges and agrees that any and all property herein conveyed, reserved and received by JACK E. LAWTON, SR. in this exchange is his separate and personal property and that DOROTHY

SONNIER LAWTON owns no interest in said property conveyed, reserved or received. Further, DOROTHY SONNIER LAWTON acknowledges and agrees that she agrees with and consents to the conveyance of any and all property herein by GUM COVE VENTURES, INC.

JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC., J. LAWTON COMPANY and DOROTHY SONNIER LAWTON further stipulate and agree that the terms and provisions of this exchange shall be binding upon and inure to the benefit of each's heirs, successors and assigns.

JACK E. LAWTON, SR., GUM COVE VENTURES, INC., JACK LAWTON, INC., J. LAWTON COMPANY and DOROTHY SONNIER LAWTON finally stipulate and agree that the attorney or attorneys of the parties hereto are authorized to record a complete instrument in such parishes and counties as they deem necessary and prudent, as well as to record in each parish and county an original of this instrument attached to which is only that portion of the exhibits hereto on which is identified immovable property and immovable property interests relevant to said parish or county.

THUS DONE AND PASSED in multiple originals in my office at Sulphur, Louisiana, in the presence of the undersigned competent witnesses, who hereunto sign their names with Jack E. Lawton, Jr., as President of JACK LAWTON, INC., and me, Notary, on the 24 day of January, 2000, after due reading of the whole.

WITNESSES: JACK LAWTON, INC.

Patricia H. Toniette

Brandy Whaley

By: ______________________
Jack E. Lawton, Jr., President

THAD D. MINALDI
NOTARY PUBLIC, Calcasieu Parish, La.
My commission is for life!

______________________
Notary Public

THUS DONE AND PASSED in multiple originals in my office at Sulphur, Louisiana, in the presence of the undersigned competent witnesses, who hereunto sign their names with Jack E. Lawton, Jr., as President of J. LAWTON COMPANY, and me, Notary, on the 24 day of January, 2000, after due reading of the whole.

WITNESSES: J. LAWTON COMPANY

Patricia H. Toniette

Brandy Whaley

By: ______________________
Jack E. Lawton, Jr., President

THAD D. MINALDI
NOTARY PUBLIC, Calcasieu Parish, La.
My commission is for life.

______________________
Notary Public

THUS DONE AND PASSED in multiple originals in my office at Sulphur, Louisiana, in the presence of the undersigned competent witnesses, who hereunto sign their names with JACK E. LAWTON, SR., and me, Notary, on the 24 day of January, 2000, after due reading of the whole.

WITNESSES:

Patricia H. Toniette

Brandy Whaley

______________________
JACK E. LAWTON, SR.

THAD D. MINALDI
NOTARY PUBLIC, Calcasieu Parish, La.
My commission is for life.

Notary Public

THUS DONE AND PASSED in multiple originals in my office at Sulphur, Louisiana, in the presence of the undersigned competent witnesses, who hereunto sign their names with Jack E. Lawton, Sr., as President of GUM COVE VENTURES, INC., and me, Notary, on the 24 day of January, 2000, after due reading of the whole.

WITNESSES:

Patricia S. Soniette

Brandy Wheeley

GUM COVE VENTURES, INC.

By: Jack E. Lawton Sr.
Jack E. Lawton, Sr., President

THAD D. MINALDI
NOTARY PUBLIC, Calcasieu Parish, La.
My commission is for life.

Notary Public

THUS DONE AND PASSED in multiple originals in my office at Sulphur, Louisiana, in the presence of the undersigned competent witnesses, who hereunto sign their names with DOROTHY SONNIER LAWTON, and me, Notary, on the 26 day of January, 2000, after due reading of the whole.

WITNESSES:

Patricia S. Soniette

Judy A. Partin

Dorothy S. Lawton
DOROTHY SONNIER LAWTON

THAD D. MINALDI
NOTARY PUBLIC, Calcasieu Parish, La.
My commission is for life.

Notary Public

# EXHIBIT "A-1" TO ACT OF EXCHANGE BY AND BETWEEN J. LAWTON COMPANY, JACK LAWTON, INC., GUM COVE VENTURES, INC. AND JACK E. LAWTON, SR.

**VERNON PARISH - FEE LAND OWNED BY J. LAWTON COMPANY IN UNDIVIDED ½ INTEREST**

(EXAMPLE of Royalty ownership based on a 1/4th royalty lease: Jack Lawton, Inc. owns 5.25% of 8/8ths; JEL Norlaw Trust owns 6.25% of 8/8ths; Jack E. Lawton, Jr. owns 1% of 8/8ths)

| Tract Name | Tract Number | Type Interest | Gross Lawton owned acres in Tract | Net Acres (surface & minerals) owned by J. Lawton Company | Net Acres (surface & minerals) owned by Tower Land Company, Inc. | Township | Range | Section | Description |
|---|---|---|---|---|---|---|---|---|---|
| Sec. 1, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W010 | Fee | 366.23 | 183.115 | 183.115 | T1N | R5W | 01 | S/2 of NE/4; SE/4; NE/4 of NE/4 (acquired by Wm. T. Burton Industries, Inc., from Floyd Merchant by Act of Exchange dated March 17 and 21, 1971, and recorded as Clerk's File #299692); W/2 of NW/4 LESS parcel conveyed by Wm. T. Burton Industries, Inc. to Mount Moriah Baptist Church, by Quitclaim dated September 15, 1975 and October 3, 1975, recorded as Clerk's File #334362 described as:<br><br>TRACT NO. I: A part of the Northwest Quarter of the Northwest Quarter (NW/4 of NW/4) and the Southwest Quarter of the Northwest Quarter (SW/4 of NW/4) Section One, Township 1 North, Range 5 West, Vernon Parish, Louisiana, described as follows:<br><br>Begin at the Southwest corner of said Northwest Quarter of Northwest Quarter (SW/c of NW/4 of NW/4) thence North 0 degrees 28 minutes East along the West line of said Northwest Quarter of Northwest Quarter, 115.0 feet; thence East 360 feet; thence South 0 degrees 28 minutes West 354.0 feet to the center line of the existing public road; thence along said center line of public road North 75 degrees 00 minutes West 232.0 feet; and Northwesterly along a curve to the right 150.0 feet to the West line of said Southwest Quarter of Northwest Quarter (SW/4 of NW/4); thence North 0 degrees 28 minutes East along said West line 113.0 feet to the point of beginning and containing 2.46 acres and subject to said existing public road. All as is fully shown by certificate of survey dated November 8, 1974, Tract No. I being revised April 18, 1975, by Charles C. Wise, Registered Surveyor. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Sec. 2, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W020 | Fee | 369.92 | 184.96 | 184.96 | T1N | R5W | 02 | SW/4 of NW/4; NE/4 of SW/4 LESS 10 acres in NE corner; NW/4 of SW/4; S/2 of S/2, LESS parcel conveyed by Wm. T. Burton Industries, Inc. to Mount Moriah Baptist Church, dated September 15 and October 3, 1975, recorded as Clerk's File #334362 described as:<br><br>TRACT NO. II: A part of the Northwest Quarter of the Northeast Quarter of the Southwest Quarter (NW/4 of NE/4 of SW/4) Section two, Township 1 North, Range 5 West, Vernon Parish, Louisiana, described as follows:<br><br>Begin at the Northeast corner of said Northwest Quarter of the Northeast Quarter of Southwest Quarter (NE/c of NW/4 of NE/4 of SW/4) thence South 89 degrees 35 minutes West along the North line of said Northwest Quarter of Northeast Quarter of Southwest Quarter 232.7 feet for the point of beginning; thence continue South 89 degrees 35 minutes West along said North line 208.7 feet; thence South 0 degrees 25 minutes West at right angles to said North line 208.7 feet; thence North 89 degrees 35 minutes East 208.7 feet; thence North 0 degrees 25 minutes East 208.7 feet to the point of beginning containing 1.0 acres. All as is more fully shown by certificate of survey dated June 26, 1975, by Charles C. Wise, Registered Surveyor;<br><br>NW/4 of SE/4, LESS 10 acres in NW corner and LESS parcel conveyed by Wm. T. Burton Industries, Inc. to Harold Dousay by quitclaim Deed dated November 25, December 9 and December 11, 1975, recorded as Clerk's File #336503, described as a part of the Northeast Quarter of the Northwest Quarter of the Southeast Quarter (NE/4 of NW/4 of SE/4) of Section Two, Township One North, Range Five West, described as follows:<br><br>Beginning at the Northeast Corner of the Northeast Quarter of the Northwest Quarter of the Southeast Quarter (NE/c of NE/4 of NW/4 of SE/4) thence North 88 degrees 29 minutes West for a distance of 666.1 feet to the Northwest Corner of the Northwest Quarter of the Southeast Quarter (NW/c of NW/4 of SE/4) thence South 2 degrees 4 minutes West for a distance of 693.2 feet; thence North 82 degrees 24 minutes East for a distance of 45.7 feet; thence North 89 degrees 57 minutes East for a distance of 33.3 feet; thence South 77 degrees 20 minutes East for a distance of 44.4 feet; thence North 83 degrees 46 minutes East for a distance of 46.9 feet; thence North 64 degrees 59 minutes East for a distance of 26.3 feet; thence North 45 degrees 12 minutes East for a distance of 37.4 feet; thence North 29 degrees 39 minutes East for a distance of 46.2 feet; thence North 18 degrees 29 minutes East for a distance of 294.4 feet; thence South 88 degrees 29 minutes East for a distance of 348.2 feet; thence North 1 degrees 23 minutes East for a distance of 326 feet to the point of beginning, containing 7.21 acres, as more fully shown by certificate of survey, dated August 22,1975, by R. A. Fenstermaker;<br><br>SE/4 of NW/4, (acquired by Wm. T. Burton Industries. Inc. from Hardy B. Afeman, by Act of Exchange dated December 31, 1974, recorded as Clerk's File #328874, as corrected by act dated August 22 and September 19, 1975, recorded as Clerk's File #334017) |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Sec. 4, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W040 | Fee | 625.95 | 312.975 | 312.975 | T1N | R5W | 04 | Entire Section, LESS diagonal SW/2 of the SW/4 |
| Sec. 9, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W090 | Fee | 83.3 | 41.65 | 41.65 | T1N | R5W | 09 | Entire Section, LESS the S/2 and the NW/4 and the diagonal SW/2 of the NE/4 |
| Sec. 10, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W100 | Fee | 281.08 | 140.54 | 140.54 | T1N | R5W | 10 | NW/4 of NE/4; SE/4 of NE/4 and W/2, LESS diagonal SW/2 of the SW/4<br><br>ALSO LESS:<br><br>A 5.86 acre tract of land located in the Northwest Quarter of the Northeast Quarter (NW/4 of NE/4) of Section Ten (10), Township One (1) North, Range Five (5) West, Vernon Parish, Louisiana, being more particularly described as follows:<br><br>Beginning at a concrete monument for the Southeast (SE) corner of the said NW/4 of NE/4; thence N 00° 25' 49" E along the East (E) line of said NW/4 of NE/4 559.74 feet to a point of intersection with a fence, said point being described as the Point of Beginning (P.O.B.); thence from the P.O.B. N 00° 25' 49" E along said East (E) line 689.68 feet to the Northeast (NE) corner of said NW/4 of NE/4; thence N 88° 42' 33" W along the North (N) line of said NW/4 of NE/4 754.60 feet to a point of intersection with a fence; thence along and with said fence: S 58° 10' 05" E 242.18 feet; S 68° 29' 59" E 189.98 feet; S 08° 45' 24" W 282.56 feet; and S 59° 03' 36" E 447.96 feet to the Point of Beginning (P.O.B.), containing 5.86 acres, more or less, and as is more particularly shown on a plat of survey by Robert A. Fenstermaker, dated December, 1986, copy of which is attached hereto and made a part hereof. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Sec. 11, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W110 | Fee | 114.48 | 57.24 | 57.24 | T1N | R5W | 11 | NW/4 of SW/4 and S/2 of SW/4<br><br>LESS AND EXCEPT:<br><br>A 5.98 acre tract of land located in the Northwest Quarter of the Southwest Quarter (NW/4 of SW/4) of Section Eleven (11), Township One (1) North, Range Five (5) West, Vernon Parish, Louisiana being more particularly described as follows:<br><br>Beginning at an existing bolt for the Northeast (NE) corner of the said NW/4 of SW/4; thence N 88° 29' 49" W 208.0 feet along the North (N) line of said NW/4 of SW/4 to an iron bolt; thence S 00° 26' 44" W 1252.52 feet to an iron bolt; thence S 88° 26' 40" E 208.0 feet to an iron bolt for the Southeast (SE) corner of said NW/4 of SW/4; thence N 00° 26' 45" E 1252.69 feet along the East (E) line of said NW/4 of SW/4 to the Point of Beginning (P.O.B.), containing 5.98 acres, more or less, and as is more particularly shown on a plat of survey by Robert A. Fenstermaker, dated 1 February, 1990, copy of which is attached hereto and made a part hereof. |
| Sec. 12, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W120 | Fee | 632.01 | 316.005 | 316.005 | T1N | R5W | 12 | Entire Section |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Sec. 13, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W130 | Fee | 588.25 | 294.125 | 294.125 | T1N | R5W | 13 | Entire Section, LESS parcel conveyed by Wm. T. Burton Industries, Inc. to Austin Bedgood, et al, by Act of Exchange dated April 4, 1975 and May 26, 1975, recorded as Clerk's File #331746, described as:<br><br>All of the South Half of the Southeast Quarter (S/2 of SE/4) of Section 13, Township 1 North, Range 5 West, lying South of the public road which runs approximately from the Southeast corner of the Southeast Quarter (SE/4) of said Section Northwesterly to the West line of the Southeast Quarter (SE/4) of Section 13, Township 1 North, Range 5 West.<br><br>AND LESS parcel described in Judgment in the matter of "Wm. T. Burton Industries, Inc. vs. Jeff McDonald", #28,105 on the docket of the 30th Judicial District Court, Vernon Parish, Louisiana, dated June 18, 1976, bearing Clerk's File #340462, which parcel is described as:<br><br>TRACT NO. 1: A part of the Southwest Quarter of the Northwest Quarter (SW/4 of NW/4) and the West One-half of the Southwest Quarter (W/2 of SW/4), all in Section 13, Township 1 North, Range 5 West, Vernon Parish, Louisiana, described as follows: Begin at the Southwest corner of said Southwest Quarter of Northwest Quarter, thence North 0 degrees 06 minutes East along the West line of said Southwest Quarter of Northwest Quarter 258.8 feet to its intersection with external fence line; thence along said external fence line South 43 degrees 53 minutes East 699.8 feet; South 45 degrees 18 minutes East 400.0 feet; South 47 degrees 01 minutes East 483.5 feet; South 24 degrees 25 minutes East 460.4 feet; South 32 degrees 16 minutes West 300.0 feet; South 38 degrees 29 minutes West 120.0 feet; South 45 degrees 01 minutes West 116.1 feet; South 79 degrees 58 minutes West 390.0 feet; South 76 degrees 16 minutes West 563.6 feet; and North 26 degrees 17 minutes West 152.6 feet to the West line of said West One-half of Southwest Quarter; thence North 0 degrees 06 minutes East along said West line 1770.7 feet to point of beginning, containing 39.55 acres. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Sec. 14, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W140 | Fee | 309.33 | 154.665 | 154.665 | T1N | R5W | 14 | NE/4 of NE/4; W/2 of NW/4; W/2 of SW/4; SE/4 of SW/4 and SE/4 of SE/4, LESS parcel described in Judgment bearing Clerk's File #340462, as shown above, which parcel is described as:<br><br>TRACT NO. 2: A part of the Southeast Quarter of the Southeast Quarter (SE/4 of SE/4) of Section 14, Township 1 North, Range 5 West, Vernon Parish, Louisiana, described as follows:<br><br>Begin at the Northeast corner of said Southeast Quarter of Southeast Quarter, thence South 0 degrees 06 minutes West along the East line of said Southeast Quarter of Southeast Quarter 380.8 feet to its intersection with existing fence line; thence along said existing fence line North 15 degrees 01 minutes West 162.2 feet; North 39 degrees 16 minutes West 148.0 feet; and North 30 degrees 54 minutes West 122.5 feet to the North line of said Southeast Quarter of Southeast Quarter; thence South 88 degrees 43 minutes East along said North line 198.0 feet to point of beginning, containing .72 acre.<br><br>ALSO LESS AND EXCEPT:<br><br>A 3.41 acre tract of land located in the Northeast Quarter of the Northeast Quarter (NE/4 of NE/4) of Section Fourteen (14), Township One (1) North, Range Five (5) West, Vernon Parish, Louisiana, being more particularly described as follows:<br><br>Beginning at the Northwest (NW) corner of the said NE/4 of NE/4; thence along the North (N) line of the said NE/4 of NE/4 S 87° 52' 02" E 160.11 feet to a point of intersection with a fence; thence along and with said fence: S 10° 34' 04" E 49.86 feet; N 81° 21' 05" E 26.64 feet; S 08° 21' 15" E 383.51 feet (to a point of intersection with another fence); S 08° 27' 07" E 189.86 feet; and S 80° 38' 29" W 282.38 feet to a point of intersection with the West (W) line of said NE/4 of NE/4; thence N 00° 02' 00" W along said West (W) line 664.13 feet to the Point of Beginning (P.O.B.), containing 3.41 acres, more or less, and as is more particularly shown on a plat of survey by Robert A. Fenstermaker, dated January 1990, copy of which is attached hereto and made a part hereof. |
| Sec. 15, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W150 | Fee | 81.5 | 40.75 | 40.75 | T1N | R5W | 15 | Entire Section, LESS the S/2 and the NW/4 and diagonal SW/2 of the NE/4 |
| Sec. 21, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W210 | Fee | 107.48 | 53.74 | 53.74 | T1N | R5W | 21 | Entire Section, LESS the W/2 and W/2 of E/2 and NE/4 of NE/4 and diagonal NW/2 of SE/4 of NE/4 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Sec. 22, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W220 | Fee | 580.96 | 290.48 | 290.48 | T1N | R5W | 22 | Entire Section |
| Sec. 23, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W230 | Fee | 648.73 | 324.365 | 324.365 | T1N | R5W | 23 | Entire Section |
| Sec. 24, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W240 | Fee | 476.17 | 238.085 | 238.085 | T1N | R5W | 24 | W/2 and SE/4 |
| Sec. 25, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W250 | Fee | 664.92 | 332.46 | 332.46 | T1N | R5W | 25 | Entire Section |
| Sec. 26, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W260 | Fee | 698.28 | 349.14 | 349.14 | T1N | R5W | 26 | Entire Section |
| Sec. 27, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W270 | Fee | 619.75 | 309.875 | 309.875 | T1N | R5W | 27 | Entire Section |
| Sec. 28, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W280 | Fee | 234.27 | 117.135 | 117.135 | T1N | R5W | 28 | Entire Section, LESS W/2 and W/2 of NE/4 and diagonal NW/2 of W/2 of SE/4; |
| Sec. 33, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W330 | Fee | 448.27 | 224.135 | 224.135 | T1N | R5W | 33 | Entire Section, LESS NW/4 and N/2 of SW/4 |
| Sec. 34, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W340 | Fee | 665.33 | 332.665 | 332.665 | T1N | R5W | 34 | Entire Section |
| Sec. 35, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W350 | Fee | 704.29 | 352.145 | 352.145 | T1N | R5W | 35 | Entire Section |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Sec. 36, T1N-R5W Fee Tract (Boise) | VERN-P-01N05W360 | Fee | 689.54 | 344.77 | 344.77 | T1N | R5W | 36 | Entire Section |
| Sec. 24, T1S-R10W Fee Tract (Boise) | VERN-P-01S10W240 | Fee | 39.9 | 19.95 | 19.95 | T1S | R10W | 24 | NE/4 of NE/4 |
| Sec. 3, T1S-R5W Fee Tract (Boise) | VERN-P-01S05W030 | Fee | 254.47 | 127.235 | 127.235 | T1S | R5W | 03 | N/2 of NE/4; NW/4 |
| Sec. 4, T1S-R5W Fee Tract (Boise) | VERN-P-01S05W040 | Fee | 668.06 | 334.03 | 334.03 | T1S | R5W | 04 | Entire Section |
| Sec. 5, T1S-R5W Fee Tract (Boise) | VERN-P-01S05W050 | Fee | 429.39 | 214.695 | 214.695 | T1S | R5W | 05 | E/2; SW/4 of SW/4; E/2 of E/2 of SW/4; W/2 of NW/4 of SW/4 LESS parcel conveyed by Wm. T. Burton Industries, Inc. to Mrs. C. J. Deters, by Quitclaim dated October 14 and 18, 1976, recorded as Clerk's File #344586, described as:<br><br>Beginning at the intersection of the center line of State Highway No. 463 and the North line of the NW/4 of SW/4, Section 5, Township 1 South, Range 5 West; thence South 87 degrees 27 minutes East 369.5 feet to the Northeast Corner of West Half of NW/4 of SW/4, Section 5; thence South 3 degrees 10 minutes West along the East line 291.1 feet, thence North 87 degrees 11 minutes West 444.9 feet to the center line of said Highway; thence in a Northeasterly direction along said Highway approximately 295 feet to the point of beginning, and containing 2.75 acres, more or less. |
| Sec. 8, T1S-R5W Fee Tract (Boise) | VERN-P-01S05W080 | Fee | 521.17 | 260.585 | 260.585 | T1S | R5W | 08 | E/2; W 3/4 of E/2 of NW/4; NW/4 of NW/4; E/2 of SW/4 |
| Sec. 9, T1S-R5W Fee Tract (Boise) | VERN-P-01S05W090 | Fee | 666.94 | 333.47 | 333.47 | T1S | R5W | 09 | Entire Section |
| Green Tract in Sec. 10, T1S-R6W | VERN-P-01S06W100 | Fee | 20 | 10 | 10 | T1S | R6W | 10 | The surface only in and to:<br><br>The South Half of the Southeast Quarter of the Southeast Quarter (S/2 of SE/4 of SE/4) |