IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **CENTRAL PINES LAND COMPANY, ET AL.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | No. **98-314 L** |
| **versus** ) | |
| ) | **Chief Judge Edward J. Damich** |
| **THE UNITED STATES,** ) | |
| ) | |
| **Defendant** ) | |
| ) | |

**JOINT MOTION STIPULATION OF CONFIDENTIALITY**
**AND PROTECTIVE ORDER AS TO FINANCIAL RECORDS**

NOW INTO COURT, through undersigned counsel, come both Plaintiffs and Defendant who state that Defendant, The United States, directed discovery to Plaintiffs seeking, among other matters, annual financial statements of William B. Lawton Company, L.L.C. ; and

Plaintiffs contend that such financial records are not relevant to issues involved in these proceedings and will not lead to the discovery of relevant information. Plaintiffs consider the annual financial statement of William B. Lawton Company, L.L.C. private and confidential.

To protect the interests of the United States and of William B. Lawton Company, L.L.C., the parties agree that annual financial statements of William B. Lawton Company, L.L.C. are confidential and their production by William B. Lawton Company, L.L.C. and their use by the United States shall be limited for purposes of this litigation only, and who jointly move this Honorable Court for entry of a Protective Order embodying the following stipulations and agreements between the parties:

1. This Order shall govern all annual financial statements of William B. Lawton Company, L.L.C. produced to the United States in these proceedings.

2. All annual financial statements of William B. Lawton Company, L.L.C. produced in these proceedings shall be protected and maintained as confidential by the United States as set forth below.

3. If counsel for the United States discloses to its client or agents the contents of the annual financial statements, counsel shall inform client that the statements are CONFIDENTIAL and verify that said client or representative will adhere to this Stipulation and Order of Confidentiality.

4. If counsel for the United States desires to disclose the existence of the surveillance film to any expert witness who is actively assisting counsel in the preparation of this case, then, prior to disclosure, a notarized confidentiality agreement, executed by the party to whom disclosure is sought, wherein such third party agrees to maintain the confidentiality of the information shall be executed and a copy provided to counsel for William B. Lawton Company, L.L.C.

5. If used at trial, disclosure to the court, court reporters, witnesses, and others shall not cause the financial records to lose their designation as confidential and protected from further public access. If introduced into evidence or filed in the record of these proceedings, such financial records shall be "sealed" from public view.

6. Disclosure of all or any portion of the financial records in contravention of this Protective Order shall subject the disclosing party to civil penalties and such other relief as may be available under the circumstances.

7. The inadvertent disclosure of contents of the financial records shall not be a waiver of the producing party's right to assert the privilege.

8. Neither this agreement nor consent to the form and entry thereof by counsel for the parties shall in any way constitute a waiver of the right to any party to raise or assert any objections which may hereafter be raised or asserted, including, but not limited to, defenses or objections with

respect to the use, relevance and/or admissibility of any portion and/or all of the financial records.

9. All copies of the financial records produced in these proceedings shall be returned to counsel for William B. Lawton Company, L.L.C. at the conclusion of these proceedings.

Respectfully submitted,

THE GRAY LAW FIRM (APLC)

BY:________________________
A. J. GRAY, III (#6253)
P. O. Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694
(337) 494-0697 (Fax)

________________________
ALEX KRIEGSMAN
United States Department of Justice
Environmental And Natural Resources Division
Natural Resources Division
601 D Street, N.W., Room 3814
Washington, D.C. 20004
(202) 305-3022
(202) 353-0506 (Fax)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **CENTRAL PINES LAND COMPANY, ET AL.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 98-314 L** |
| **versus** | ) | |
| | ) | **Chief Judge Edward J. Damich** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

**PROTECTIVE ORDER**

Considering the foregoing Joint Motion Stipulation of Confidentiality and Protective Order as to Financial Records;

**IT IS HEREBY ORDERED that:**

1. This Order shall govern all annual financial statements of William B. Lawton Company, L.L.C. produced to the United States in these proceedings.

2. All annual financial statements of William B. Lawton Company, L.L.C. produced in these proceedings shall be protected and maintained as confidential by the United States as set forth below.

3. If counsel for the United States discloses to its client or agents the contents of the annual financial statements, counsel shall inform client that the statements are CONFIDENTIAL and verify that said client or representative will adhere to this Stipulation and Order of Confidentiality.

4. If counsel for the United States desires to disclose the existence of the surveillance film to any expert witness who is actively assisting counsel in the preparation of this case, then, prior to

disclosure, a notarized confidentiality agreement, executed by the party to whom disclosure is sought, wherein such third party agrees to maintain the confidentiality of the information shall be executed and a copy provided to counsel for William B. Lawton Company, L.L.C.

5. If used at trial, disclosure to the court, court reporters, witnesses, and others shall not cause the financial records to lose their designation as confidential and protected from further public access. If introduced into evidence or filed in the record of these proceedings, such financial records shall be "sealed" from public view.

6. Disclosure of all or any portion of the financial records in contravention of this Protective Order shall subject the disclosing party to civil penalties and such other relief as may be available under the circumstances.

7. The inadvertent disclosure of contents of the financial records shall not be a waiver of the producing party's right to assert the privilege.

8. Neither this agreement nor consent to the form and entry thereof by counsel for the parties shall in any way constitute a waiver of the right to any party to raise or assert any objections which may hereafter be raised or asserted, including, but not limited to, defenses or objections with respect to the use, relevance and/or admissibility of any portion and/or all of the financial records.

9. All copies of the financial records produced in these proceedings shall be returned to counsel for William B. Lawton Company, L.L.C. at the conclusion of these proceedings.

**THUS DONE AND SIGNED ON** this _____ day of ____________________________ 2006 at Washington, D.C.

______________________________________
**Honorable Edward J. Damich, Chief Judge**

**AGREED AS TO FORM AND CONTENT:**

**THE GRAY LAW FIRM (APLC)**
A. J. GRAY, III (Bar No. 6253)
P. O. Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694 Telephone
(337) 494-0697 Facsimile
ATTORNEYS FOR WILLIAM B. LAWTON COMPANY, L.L.C.

ALEX KRIEGSMAN
**UNITED STATES DEPARTMENT OF JUSTICE**
Environment and Natural Resources Division
Natural Resources Section
601 D Street, N.W., Room 3814
Washington, D.C. 20004
(202) 305-3022 Telephone
(202) 305-0506 Facsimile
ATTORNEY FOR UNITED STATES