IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **CENTRAL PINES LAND COMPANY, ET AL.**<br>**Plaintiffs,**<br>**versus**<br>**THE UNITED STATES,**<br>**Defendant** | ) | **No. 98-314 L**<br>**Chief Judge Edward J. Damich** |

**PROTECTIVE ORDER**

Considering the foregoing Joint Motion Stipulation of Confidentiality and Protective Order as to Financial Records;

**IT IS HEREBY ORDERED that:**

1. This Order shall govern all annual financial statements of William B. Lawton Company, L.L.C. produced to the United States in these proceedings.

2. All annual financial statements of William B. Lawton Company, L.L.C. produced in these proceedings shall be protected and maintained as confidential by the United States as set forth below.

3. If counsel for the United States discloses to its client or agents the contents of the annual financial statements, counsel shall inform client that the statements are CONFIDENTIAL and verify that said client or representative will adhere to this Stipulation and Order of Confidentiality.

4. If counsel for the United States desires to disclose the existence of the surveillance film to any expert witness who is actively assisting counsel in the preparation of this case, then, prior to disclosure, a notarized confidentiality agreement, executed by the party to whom disclosure is

sought, wherein such third party agrees to maintain the confidentiality of the information shall be executed and a copy provided to counsel for William B. Lawton Company, L.L.C.

5. If used at trial, disclosure to the court, court reporters, witnesses, and others shall not cause the financial records to lose their designation as confidential and protected from further public access. If introduced into evidence or filed in the record of these proceedings, such financial records shall be "sealed" from public view.

6. Disclosure of all or any portion of the financial records in contravention of this Protective Order shall subject the disclosing party to civil penalties and such other relief as may be available under the circumstances.

7. The inadvertent disclosure of contents of the financial records shall not be a waiver of the producing party's right to assert the privilege.

8. Neither this agreement nor consent to the form and entry thereof by counsel for the parties shall in any way constitute a waiver of the right to any party to raise or assert any objections which may hereafter be raised or asserted, including, but not limited to, defenses or objections with respect to the use, relevance and/or admissibility of any portion and/or all of the financial records.

9. All copies of the financial records produced in these proceedings shall be returned to counsel for William B. Lawton Company, L.L.C. at the conclusion of these proceedings.

**THUS DONE AND SIGNED ON** this 14th day of August 2006 at Washington, D.C.

s/Edward J. Damich
EDWARD J. DAMICH
Chief Judge