IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **CENTRAL PINES LAND COMPANY, ET AL.,** Plaintiffs, versus **THE UNITED STATES,** Defendant | **No. 98-314 L** **Chief Judge Edward J. Damich** |

# PLAINTIFFS' RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant of Rule 56(h)(2) of the United States Court of Federal Claims, Plaintiffs respectfully submit the following Response To Defendant's Proposed Findings of Uncontroverted Fact In Support Of Defendant's Motion For Summary Judgment in the above-referenced suit:

1. In 1937, W. T. Burton, Plaintiffs' predecessor in interest, acquired the complete title to the "Group C lands," a parcel of property in Vernon Parish, Louisiana described in Plaintiffs' First Amended Complaint (:FAC"), attachment A. FAC, Attachment A; August 12, 2004 Order at 5.

Plaintiffs' Response To Proposed Finding of Uncontroverted Fact No. 1:

Plaintiffs agree.

2. The United States subsequently acquired the surface rights to the Group C lands from Burton through several separate transactions and expropriation proceedings that took place between 1942 and 1981. Burton retained the mineral rights in the Group C lands. Id.

Plaintiffs' Response To Proposed Finding of Uncontroverted Fact No. 2:

Plaintiffs agree.

3. Burton's rights were later transferred to Plaintiffs in 1988, in mesne conveyances that occurred as a result of a corporate reorganization. Id.

Plaintiffs' Response To Proposed Finding of Uncontroverted Fact No. 3:

Plaintiffs agree.

4. Between 1950 and 1978, through a series of condemnation proceedings, the United States instituted a mineral moratorium that prevented the owners of the mineral servitude from entering the Group C lands. Central Pines Land Co. V. United States, No. 2:96-2000, slip op. (W.D. La. 2000), aff'd 274 F.3d 881 (5th Cir. 2001), cert. Denied, 537 U.S. 822 (2002) (the "related action"), attached to Motion for Summary Judgment ("MSJ") as Ex. B at 3-4.

Plaintiffs' Response To Proposed Finding of Uncontroverted Fact No. 4:

Plaintiffs agree.

5. Throughout the pendency of the moratorium, the United States paid compensation to Burton on a per acre basis for the parts of the servitude that were inaccessible for mineral operations. Id. at 4.

Plaintiffs' Response To Proposed Finding of Uncontroverted Fact No. 5:

Plaintiffs agree.

6. The moratorium formally ended on March 31, 1978. Id. At 4-5; March 31, 1977 letter from John Camp, attorney for W. T. Burton Industries to Michael Drost, MSJ Ex. C; June 6, 1977 letter from Major General William B. Steele to Commander, US Army FORSCOM, MSJ Ex. D.

Plaintiffs' Response To Proposed Finding of Uncontroverted Fact No. 6:

Plaintiffs agree.

7. In 1996 and 1997, after determining that Plaintiffs' mineral rights had prescribed, the United States granted a series of mineral leases for the portion of Group C on the Kisatchie National Forest. Plaintiffs' Responses to Defendants' First Set of Interrogatories, MSJ Ex F at 2.

Plaintiffs' Response To Proposed Finding of Uncontroverted Fact No. 7:

Plaintiffs agree that the United States granted a series of mineral leases on a portion of Group C on the Kisatchie National Forest; but plaintiffs deny that such leasing was the subject of Plaintiffs' Responses To Defendants' First Set of Interrogatories, MSJ Ex F at 2 as claimed by defendant above.

8. In 1996, Plaintiffs Central Pines Land Company and Tower Minerals Company, Inc. Leased approximately 4,822 acres of Group C to Chesapeake Operating, Inc. MSJ Ex. F at 10.

Plaintiffs' Response To Proposed Finding of Uncontroverted Fact No. 8:

Plaintiffs agree.

9. Also in 1996, Plaintiffs Central Pines Land Company and Tower Minerals Company, Inc. Leased approximately 28,668 acres of property contiguous with and partially including Group C to Sonat Exploration Company. Id.

Plaintiffs' Response To Proposed Finding of Uncontroverted Fact No. 9:

Plaintiffs agree.

10. Since the end of the formal moratorium, Plaintiffs have never requested permission from the Army to access the surface of the Group C lands. Id. at 9-12; March 2006 Deposition of William Drost, MSJ Ex. G at 31-34; Central Pines v. United States, 274 F. 3d 881, 896 (5th

Cir. 2001).

Plaintiffs' Response To Proposed Finding of Uncontroverted Fact No. 10:

Plaintiffs agree that since the end of the moratorium, they have never requested permission from the Army to access the surface of Group C lands; but, nevertheless, plaintiffs' mineral lessees and potential mineral lessees did make such requests.

Respectfully submitted,

**THE GRAY LAW FIRM (APLC)**

BY:_____/S/ A. J. GRAY, III__________

**A. J. GRAY, III** (La. Bar #6253)
P. O. Box 1467
Lake Charles, LA 70602-1467
Telephone: (337) 494-0694
Facsimile: (337) 494-0697

Of Counsel:

Thomas C. McKowen, IV
STRAIN, DENNIS, & BATES, L.L.P.
318 St. Charles Street
Baton Rouge, LA 70802
Telephone: (225) 343-0100
Facsimile : (225) 343-0344

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing PLAINTIFFS' RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was served on the following counsel of record by first class mail, postage prepaid:

Alex Kriegsman
United States Department Of Justice
Environmental And Natural Resources Division
Natural Resources Section
601 D Street, N.W., Room 3814
Washington, D.C. 20004

Terry Petrie
Natural Resources Section
Environment And Natural Resources Division
U.S. Department of Justice
999 18th Street
Suite 945, North Tower
Denver, CO 80202

LTC Michael D. Graham
Litigation Attorney
U.S. Army Environmental Law Division
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837

THUS DONE AND SIGNED on this 13TH day of February, 2007.

/s/ A. J. GRAY, III
**A. J. GRAY, III**