Mr. Adams/mla 2100

SWFRE-A (AKADD-E/PR 25 Nov 66) 3d Ind
SUBJECT: Moratorium on Minerals, Fort Polk and Peason Ridge

Fort Worth District, CE, Box 17300, Fort Worth, Texas 76102, 16 Dec 66

THRU: Division Engineer, Southwestern, ATTN: SWDRE-A

TO: Chief of Engineers, ATTN: ENGRE-AC

1. At the request of the Department of Justice, this District initiated inquiries to the using service as to the feasibility of acquiring the minerals or a perpetual estate therein under approximately 77,545 acres of land at Fort Polk and Peason Ridge, Louisiana. These minerals and mineral rights are now included in Civil Actions 9516 and 9517 whereby the Government exercises free, unrestricted, and exclusive use of the lands, excluding and prohibiting the exercise of all exploration and development of the oil, gas, and other minerals by the owners thereof. Comments of the Commanding Generals of Fort Polk, Louisiana, and Fourth United States Army, Fort Sam Houston, Texas, are contained in the preceding indorsements. A continuing need for the mineral moratorium or the acquisition of a perpetual estate in the minerals is indicated.

2. A history of mineral acquisitions is contained in the inclosed copy of attorney's memorandum dated 14 December 1966, subject: Fort Polk, Louisiana - Minerals. In connection with these matters, reference is also made to discussions with Mr. Woodrow Berge, Deputy Director of Real Estate, OCE, during his visit to this District on 15 December 1966.

3. This office has received informal suggestions from some representatives of the Department of Justice that the Government should assert claim of ownership of the minerals included in these civil actions by virtue of the Louisiana prescription statute. It is the view of attorneys of this office that the United States District Court, Western District of Louisiana, Shreveport Division, would hold that the Government could not, over a period of many years, allege a need for moratorium on these minerals, obtain extensions and renewals of the civil actions, disburse sums to claimants, enter into stipulations and cause the court to enter judgments regarding same, and then completely reverse this position during the pendency of the same cases and assert Government ownership of the same minerals. There can be little doubt that the court would not only hold that the Government was estopped from now asserting such ownership but would in all likelihood unequivocally denounce Government representatives and attorneys for asserting such conflicting position.

4. As to the 2600 acres of land within the cantonment area, reference is made to Real Estate Directive No. 7686, dated 28 April 1965, subject:

4

SWFRE-A (AKADD-E/FR 25 Nov 66) 3d Ind 16 Dec 66
SUBJECT: Moratorium on Minerals, Fort Polk and Peason Ridge

Acquisition of Outstanding Mineral Interests, Cantonment Area, South Fort Polk, Louisiana. Reference is also made to correspondence referred to in paragraph 10, page 2, of the inclosed attorney's memorandum. Correspondence in the files of this office indicates that the Department of Justice is giving consideration to the filing of a case to test the validity of the Louisiana prescription statute as it may apply to the minerals within the cantonment area included in the above-mentioned Real Estate Directive No. 7686. Civil Actions 9516 and 9517 do not include the 2600 acres of the cantonment area. Status of the title and history of the acquisition of the surface of the 2600 acres is contained in the Attorney's Certificate submitted by SWFRE-A 2nd Ind, dated 10 August 1966, to OCE basic letter of 30 June 1966, subject: Fort Polk Military Reservation, Louisiana - U.S. vs. 2600 acres and State of Louisiana, et al. Since no moratoriums have been filed covering these minerals, attorneys of this office believe that a test case should be filed promptly as was previously recommended in correspondence referred to in the inclosed memorandum.

5. Based upon the views of attorneys in this District, recommendations are made as follows:

a. A proceeding be filed in the U. S. District Court for the Western District of Louisiana covering the minerals under the 2600-acre cantonment area alleging that the Government is the sole owner thereof in law and in fact.

b. No further extensions or renewals of the moratoriums be filed in connection with Civil Actions 9516 and 9517 and these actions be allowed to lapse at the end of the current period as extended by notices already served.

c. A Real Estate Directive be issued authorizing the acquisition of a perpetual estate in the minerals underlying the approximately 77,545 acres included in these pending civil actions. This recommendation is made because of the enormous cost of periodic extensions of these moratoriums.

1 Incl
Cy of Memo (dup)

JACK W. FICKESSEN
Colonel, CE
District Engineer