AFZX-FEE-M

19 January 1976

MEMORANDUM FOR: Commanding General

SUBJECT: Mineral Rights at Fort Polk

1. On 13 January 1976, DFE received a copy of a Trip Report (Incl 1) prepared by Mr. Wilder, Chief Acquisition Branch, Fort Worth District (Autovon 733-1440, extension 2111), covering his activities on behalf of Fort Polk on the subject of Mineral Rights. The report covers the period 10 December 1975 through 9 January 1976.

2. The report contains outlines of his initial conversations with Mr. John Camp, representing Burton Industries and Mr. Hodges representing the Hodges Estate. His conclusions from these conversations are summarized below:

a. Fort Polk Proper. The price for the moratorium, although not fully negotiated will be $5.00/acre or less. Burton/ARCO short term plan (1-2 years) is to explore the northern portion of the Leesville Artillery Range. In the long term (2-5 years) they plan to explore and develop in the area south and west of the impact area. Either of these plans are subject to change based on findings from seismograph or drilling showings.

b. Peason Ridge. Mr. Hodges' short term plan is to begin drilling an 8,000-10,000 foot well on the reservation in the southeast corner near the old Magnolia well as soon as possible. In the long term he plans to drill a 16,000-20,000 foot well near the center of the east boundary approximately 1 1/2 miles inside the reservation. Mr. Hodges has indicated that he will go to Court if he is not permitted to drill. He agrees to allow the installation to pick the time of drilling but not the location. Mr. Wilder's impression is that the other mineral rights holders are more interested in the annual payments than exploration.

3. Mr. Camp and Mr. Hodges both indicated that they would provide Mr. Wilder with detailed proposals as soon as possible. Mr. Wilder informed Major Walker, DFE, that he had received Mr. Hodges' proposal on 14 January 1976 and had forwarded a copy to the Installation. As of this date, Mr. Wilder had not received anything from Mr. Camp.

AFZX-FEE-M
SUBJECT: Mineral Rights at Fort Polk

4. The report then goes on to offer Mr. Wilder's own conclusions on the subject in general:

a. The moratorium probably cannot be maintained beyond the April 1978 expiration date. In the mean time the cost of maintaining the moratorium can be expected to esculate.

b. The $5 Million cost of acquiring the mineral rights is now unrealistic. The Army's estimate is $30-$50 per acre, the mineral holders claim $30,000-$40,000 per acre, in Mr. Wilder's opinion the settlement will be in the $100 to $200 range.

c. There will not be a great pressure to lift the total moratorium immediately. Burton Industries is interested in the moratorium being lifted on the northern half of the Leesville Artillery Range and wish to continue to receive payments on the remainder. In Mr. Hodges case, if the whole of the Peason Ridge moratorium is lifted he will be forced to drill several wells within the following 90-180 days because he has exploration leases from other mineral owners containing this stipulation.

d. If the 20,000 foot ARCO well underway now near the northeast corner of Fort Polk results in a big find, nothing will keep the oil companies off the Installation.

e. If the Installation lifts the moratorium on the northern portion of the Leesville Artillery Range, Mr. Wilder feels the fee for the rest could be negotiated for $3-$4 per acre.

5. Mr. Wilder concludes by presenting two alternative recommendations:

a. Lift the mineral moratorium in its entirity by 1 April 1976, acquire the 866 acres of leased land and acquire the minerals in the cantonment area.

b. Compromise by lifting the moratorium in selected areas.

6. The opinions and recommendations presented in the report are Mr. Wilder's own. He has dealt with this problem for many years and is the most knowledgeable source of information available to the Installation at this time. His recommendations cannot be acted upon at this level as the Installation's position on the matter was established at Department of the Army; however, the information should be considered during the review of the on-going study and during any subsequent actions.

Original signed by:
JERRY L. TEAGUE
Colonel, GS
[illegible]ctor of Facilities Engineering

1 Incl
as

CF:
DPT/G3
SJA