Judge File RF

ADDRESS REPLY TO
UNITED STATES ATTORNEY
POST OFFICE BOX 33

United States Department of Justice

UNITED STATES ATTORNEY
WESTERN DISTRICT OF LOUISIANA
3D FLOOR, FEDERAL BUILDING-U. S. COURTHOUSE
500 FANNIN STREET
SHREVEPORT, LOUISIANA 71101

May 5, 1977

Mr. Darwin Wilder
Real Estate Division
United States Army
Corps of Engineers
P. O. Box 17300
Ft. Worth, TX 76102

Dear Mr. Wilder:

You requested my comments relative to the options open to the United States with reference to the remaining mineral moratorium affecting certain lands which are a part of Ft. Polk, Louisiana.

Of course, the present moratorium could be extended by the filing of another civil action.

Another option would be to allow the moratorium to lapse and refuse to allow any mineral owner or lessee to enter the reservation to explore for minerals. This course would force a suit in the court of claims for compensation for deprivation of rights.

Another possibility would be to allow mineral exploration if not inconsistent with the mission of the base. There is a real question of correlative rights in the event some inconvenience would be caused to the army's mission.

The Louisiana Mineral Code which is set forth in Louisiana Revised Statutes 31:11 provides:

> "Correlative rights of landowner and owner of a mineral right." "The owner of land burdened by a mineral right and the owner of a mineral right must exercise their respective rights with reasonable regard for those of the other."

Mr. Darwin Wilder
Corps of Engineers
Ft. Worth, Texas



There have been no cases reported since adoption of the mineral code. It became effective January 1, 1975. A copy of the section and comments is enclosed.

It would appear to be desirable to negotiate, if possible, any differences if exploration is allowed.

I am sorry I cannot be more specific, but I could find nothing upon which to base a definite answer.

Very truly yours,

DONALD E. WALTER
United States Attorney

LEVEN H. HARRIS
Assistant United States Attorney

DEW:LHH/do
encs.