Mr. Allen/mla/2111

SWFRE-AC

17 June 1977

SUBJECT: Termination of Civil Action No. 19,118, Fort Polk, LA

Division Engineer, Southwestern
ATTN: SWDRE-A

1. References:

a. ER 405-1-660, paragraph 11-2

b. ER 405-1-910, paragraph 30a

c. 10 U.S.C. 2662 (a) (1) and (2)

d. Paragraph 2d of SWFRE-AL letter dated 9 June 1977, subject: Lease Expiration Report - Annual Rental Over $30,000, copy of which is inclosed.

e. AFZX-CG letter, Fort Polk, LA, to FORSCOM, subject: Fort Polk Mineral Rights, copy of which is inclosed.

2. This Acquisition Report or rather Leasehold Condemnation Termination Assembly is submitted in accordance with reference 1b above, and the following information is given:

a. The name of the project and using service: Fort Polk, Louisiana and U. S. Army FORSCOM.

b. Style and civil number of the condemnation proceedings in which the land is involved: United States of America vs. 43,953.65 acres of land, more or less, situated in Vernon Parish, State of Louisiana, and William T. Burton, et al., and Unknown Owners, Civil Action No. 19,118, filed 22 June 1973.

c. Particular tract or tracts involved: Seventy-two tracts containing 43,953.65 acres of land, more or less.

d. A citation of the authority pursuant to which the surplus status has been determined: Reference 1e above.

e. Three copies of ENG Form 1440-R or 1440a-R and 1440b-R: These forms are inapplicable to subsurface interests (minerals in place ownerships). The surface and all improvements thereon are Government-owned, so no restoration is involved.

f. The proposed date of vacation of premises by the Government: The Government owns the surface and all improvements thereon. The Government will not vacate the premises but will merely allow the moratorium on subsurface minerals to expire as of 31 March 1978.

g. The term condemned and rights of the Government as to extension and cancellation thereof: A term of years beginning 1 July 1973 and ending 31 March 1974, extendible for yearly periods thereafter at the election of the United States until 31 March 1978, notice of which election shall be filed in the proceedings at least thirty (30) days prior to the term taken.

h. Whether a declaration of taking, or supplement thereto, has been filed and the amount of deposit, if any: Successive declarations of taking have been filed since 1942 covering these mineral tracts of land continuously until 31 March 1978 (some seven in number), the latest being Civil Action No. 19,118 as indicated above. The sum deposited for the first nine months or three-fourths of a year (1 July 1973 through 31 March 1974) was $31,316.98 ($0.95 per acre per year). Annually thereafter a deposit of $41,755.97 was made ($0.95 per acre per year). These prior annual payments to mineral owners since 1942 plus administrative costs to the Corps of Engineers and the Department of Justice would probably exceed one million dollars or far exceed the value of the minerals in 1942. The current value of these minerals is highly speculative, particularly in view of the current energy crisis. In 1975 Congress refused to allow the purchase of these outstanding minerals. Negotiations are still being carried on with these mineral owners to try to obtain a stipulated settlement similar to the one previously reached with the major mineral owners at Peason Ridge in Civil Action No. 19,119, which provides for limited drilling in specified areas and times and at no cost to the Government. This settlement at Peason Ridge is construed as an indication that "guns and oil wells" are compatible as long as all parties concerned cooperate with each other. SEE: Reference 1e. Present indications are that these major mineral owners at Fort Polk will not agree to such a stipulation as at Peason Ridge.

i. Whether an award or order for payment has been made, and the amount of the owner's withdrawals, if any: Successive awards or orders for payment have been issued by the court covering these 72 tracts, and their owners have withdrawn diver sums as authorized by these court orders during the past 35 years. An exact accounting of these sums would have to be obtained from the United States Attorney's Office in Shreveport, LA.

SWFRE-AC
SUBJECT: Termination of Civil Action No. 19,118, Fort Polk, LA

17 June 1977

j. The estimated rental cost through the end of the term acquired in the condemnation proceeding: For the final year, 1 April 1977 through 31 March 1978, a deposit has been made of $41,755.97, or $0.95 per mineral acre. Negotiations have been conducted with the major tract owners, which resulted in court orders providing for an additional $1.05 per mineral acre, or $2.00 per acre. Should this $2.00 per mineral acre apply to all 72 tracts, an additional sum of $46,151.33 would be payable, making a total of $87,907.30 for the final year.

k. The estimated fair rental value of the land for the period of occupancy by the Government, including time for restoration: As indicated in 2e and 2j above, no restoration is involved, and perhaps an additional sum of $46,151.33 or $1.05 per mineral acre would be payable if $2.00 per mineral acre is allowed by the court.

l. Recommendation as to the advisability of abandoning the proceeding: SEE: Reference 1e above. Fort Polk has recommended such action to FORSCOM.

m. Requests for termination of condemnation proceedings: Upon receipt of FORSCOM's approval action to Fort Polk's recommendation, the Fort Worth District will notify the United States Attorney's Office, Hon. Leven Harris, Shreveport, LA, to take any necessary action required in order to terminate this civil action.

3. It would seem that FORSCOM has two alternatives: (a) File a new civil action to extend the moratorium for another five-year term, extendible on yearly notice, at a cost of from $2.00 to $5.00 per acre per year; or (b) let the present moratorium expire by its own terms on 31 March 1978 and take a calculated risk that there will be no drilling for oil or gas on the artillery range. Should the mineral owners find prudent lessees who would drill in this area at a cost of approximately one million per well, there is no assurance they would find oil or gas. We recommend the risk be taken and no new civil action be filed.

4. The Fort Worth District concurs in the proposed action of Fort Polk in allowing this mineral moratorium to expire as of 31 March 1978.

FOR THE DISTRICT ENGINEER:

MICHAEL B. COTTRELL
Chief, Real Estate Division

2 Incl (trip)
1. SWFRE-AL ltr
2. AFZV-CG ltr

(A)
ALLEN
WILDER
COTTRELL
RE FILES

SWFRE-AC
SUBJECT: Termination of Civil Action No. 19,118, Fort Polk, LA 17 June 1977

Copies furnished:
Commander
5th Infantry Division (Mech)
ATTN: AFZX-FEE-M
Fort Polk, LA 71459

Mr. Leven Harris
Assistant U. S. Attorney
P. O. Box 33
Shreveport, LA 71102