THE GRAY LAW FIRM
A PROFESSIONAL LAW CORPORATION
ONE LAKESHORE DRIVE, SUITE 110
POST OFFICE BOX 1467
LAKE CHARLES, LOUISIANA 70602-1467

FACSIMILE
(318) 494-0697

TELEPHONE
(318) 494-0694

February 29, 1996

**BY FACSIMILE (202) 690-2730**

United Stated Department of Agriculture
Office of the General Counsel
Natural Resources Division
ATTN.: MR JEFF EISENBERG

Dear Jeff:

Your fax dated February 28, 1996 is acknowledged. We have reviewed the Joint Order Interchanging Administrative Jurisdiction of the Department of Army Lands and Natural Forest Lands executed by the Secretary of Agriculture March 12, 1975. That document does include lands included within our tract "C". Tract "C" includes additional properties not covered by the document and your document includes properties in addition to tract "C". However, clearly the majority of properties described in Township 1 North, 5 West are tract "C" properties.

We have been advised today, that the properties referred to above i.e., those in Township 1 North, 5 West, Vernon Parish are included in a proposed mineral lease sale scheduled for March 28, 1996. I enclose for you a Department of Agriculture Title Report dated November 4, 1991 which concerns those properties. You will note the conclusion on page 2 thereof that the properties were not available for lease.

The Lawton companies claim ownership of these minerals. The tract "C" properties were acquired by the Untied States subsequent to Act 315 of 1940. These properties are included within the "Artillery Range" situated as defined by our November 9, 1995 letter. There is no basis for application of ***Little Lake Misere*** to these properties. When the Untied States acquired the "Artillery Range" lands in 1943, and included a general, unrestricted reservation of minerals in favor of the landowner, Act 315 of 1940 was the law in Louisiana. Hence, under the law in existence on the date of transaction, the mineral servitude so created is imprescriptible.

We respectfully request that these properties be withdrawn from the proposed

**lease sale.**

Granting a mineral lease by the United States on these properties under the current circumstances will compound the situation presented by our November 9, 1995 letter. It will be more difficult for us to settle our dispute and if we are unable to settle the dispute, it may require additional parties to any litigation between us. Your lessee will not be getting a clear title.

Please let me hear from you.

Yours very truly,

A. J. GRAY, III

AJG/hoy
Enclosure

United States Department of Agriculture | Forest Service | Kisatchie National Forest

Reply To: 2820

Date: NOVEMBER 4, 1991

Subject: Title Report, T1N R5W

To: Regional Forester

Here is the title report for T1N R5W. This report includes only land that is administered by the Forest Service.

We have attached a Controlled Surface Stipulation for Military Activities, and Notice to Lessee for the Aquatic and Riparian areas and an NTL for Protected, Endangered, Threatened and Sensitive Species.

All deeds have been reviewed for mineral ownership. Lands acquired prior to 1/1/40 which were originally considered to have outstanding minerals have been reviewed to determine if these minerals have prescribed in the U.S.

None of the lands involved in this area lie within a Designated Wilderness.

There is oil and gas production on U.S. Minerals in this township.

This letter constitutes my recommendation to consent to lease areas within this Township subject to the above noted conditions and any effective leases.

17403 Lands in this Township are subject to the OTC Grandfathered Applications 27697, 29769, 29773, 29802, and 29807. All the lands were acquired prior
17404 to the effective date of the applications but the minerals were outstanding
V-10 on Tract-10. In ES-29802 the N/2S/2NW in in Tract V-2 and is available.

The subject applications were filed in the early 80's and F.S. consent was provided BLM at that time. By 1987 the reports were out-of-date and your office placed the F.S. consent on-hold until such time as ESO decided to adjudicate the offers. It is our understanding these offers are now being processed by BLM. These applications include Tracts V-2, and V-10. We have researched the acquisition history of the tracts to insure the lands were in federal ownership at the time the offer was filed.

The acquisition history is as follows:

Tract V-2 — Acquired 12/29/33 with minerals outstanding in third party. In 1986 OGC offered an opinion giving the U.S. the right to claim the minerals. These lands are listed on our ABA report as available for lease.

Tract V-10 Acquired on 6/7/41 by the Dept. of Defense by condemnation - Judgement 489 dated 11/5/41 excepted all minerals. The tract was transferred to U. S. Forest Service on 5/7/75. These lands are not available for lease.

The lands within the subject township and range are part of F.S. Tract V-10 was transferred to Forest from Dept. of Defense on 5/7/75) by the Forest Service from the Secretary of Army on 5/7/75. The War Department acquired these tracts either through condenmation or purchase in 1941 and 1943.

The Judgements filed during the condemnation proceedings allowed for a 5-year period of ingress/egress for the purpose of exploration and removal of minerals. As the tracts were located on an active military base, the right of ingress/egress was denied. The federal government has compensated different parties for the denial of the ingress/egress rights.

We recommend denying consent to lease these lands until such time as we can obtain title information regarding the actual mineral ownership at the time the War Department acquired the lands. We will request OGC provide a title opinion as to what effect the continual denial of the ingress/egress right may have had on any term mineral reservations in existence at the time the lands were acquired. It is possible these reservations may have been extended by the federal government denying the rights.

The following lands nominated are not now and were not in FS ownership at the time of the application:

17404 17403 V-10

ES-27697 - Sections 6-9
ES-29769 - Section 21 - dia SE/2 of SENE; E/2SE
ES-29773 - Sections 4, 9 and 10
ES-29802 - Sec. 16: NWSW
ES-29807 - Sec. 4, 9, 22; dia NE/2 of NE of Section 15; E/2SE; dia SE/2 of W/2SE of Section 28

/s/ Danny W. Britt
DANNY W. BRITT
Forest Supervisor