**CHESAPEAKE OPERATING, INC.**
P.O. BOX 18496
OKLAHOMA CITY, OKLAHOMA 73154-0496
405/848-8000, EXT. 400
405/879-9561 FAX

HENRY J. HOOD
VICE PRESIDENT - LAND AND LEGAL

September 24, 1996

**VIA FACSIMILE (318) 494-0697**

Mr. A.J. Gray, III
The Gray Law Firm
One Lakeshore Drive, Suite 110
P.O. Box 1467
Lake Charles, Louisiana 70602-1467

**VIA FACSIMILE (318) 527-5276**

Mr. Thad Minaldi
Jack Lawton, Inc.
101 North Huntington
Sulphur, Louisiana 70663-2601

Re: Lease proposal
4,383.67 acres, more or less
T1N-5W and T1S-5W
Vernon Parish, Louisiana

Gentlemen:

In follow up to our telephone conversation of this morning, Chesapeake hereby revises its offer to lease the following mineral interests of Central Pines Land Company, et al. (inclusive of all Lawton and Burton affiliates or subsidiaries ) in Vernon Parish, to wit:

Sections 4,9,15,16,21,28,29,32,33-T1N-R5W
Section 5-T1S-5W

The terms of our offer are as follows:

1) $350.00 per acre bonus;

2) Twenty-seven and one-half percent (27.5%) royalty, fifteen percent (15%) of which would be "guaranteed" payable irrespective of the lessors' title dispute with the United States of America covering these lands or the outcome thereof (but still subject to other, unrelated title requirements);

3) Three (3) year primary term;

4) Utilization of the identical lease form as the Hydrocarbon Lease, dated August 1, 1995, with the following changes:

a) $350.00 per acre delay rentals

b) amendment of Pugh clause to provide that where at least 50% of unit is comprised of Lawton lands, whether subject to the new lease or the Hydrocarbon Lease, unit drilling would satisfy the continuous drilling obligation of the lease. In this regard, I have enclosed proposed language effecting this amendment.

6) Waiver of the Favored Nations clause of the Hydrocarbon Lease and the new lease with regard to these lands only (including taking a lease from the U.S.A.).

Chesapeake would further agree not to take a position contrary to the lessors in the pending lawsuit between the lessors and the United States of America surrounding the imprescriptibility of the lessors' mineral servitudes on the leased lands other than to file a general denial pleading and take such other actions as are necessary to cooperate in discovery or comply with court order. However, Chesapeake expressly reserves the right to seek protection leases from the United States covering the leased lands by virtue of this dispute.

As a condition of this offer, lessors must agree not to interfere with Chesapeake's attempt to secure a protection lease from the U.S.A.. Any drilling or rental obligation would have to be tolled during any period in which the lessors did so interfere.

As a further condition to our offer, Central Pines et al. must agree to confirm in writing to the U.S.A., in a form acceptable to the Justice Department, contemporaneous to the closing of this transaction, that Central Pines will not seek a temporary restraining order or other injunctive relief with regard to the leasing of this acreage in the October 24, 1996 lease sale or any other subsequent sale.

If the foregoing is acceptable to Central Pines et al., please advise me at your earliest convenience. If you have any questions or comments, please do not hesitate to call.

Very truly yours,

Henry J. Hood

HJH/slm

Enclosure

6656lawton.ltr

19. d. Except as provided below, [s]hould any portion of the lands...

...or otherwise having the lease maintained as provided elsewhere in this lease. This paragraph shall not apply in the event Lessee is conducting continuous drilling operations pursuant to paragraph 3 or paragraph 5, above, within a pooling and/or unit so formed, whether either by virtue of the provisions of this Paragraph 19. d. or fixed or established by order of any regulatory body of the State of Louisiana or the United States, which is comprised at least fifty percent (50%) by lands covered by this lease or by lands covered under that certain Hydrocarbon Lease between J. Lawton Company and Tower Land Company, Inc., as Lessors, and Chesapeake Operating, Inc., as Lessee, dated as of August 1, 1995.