Polk; and that if a mineral operator was successful in obtaining production, future access could be denied on a case by case basis with "mini" moratoriums.

32. J. Philip Thomas
Manager, Land
Domestic Exploration
OXY USA, Inc.
Box 1201
Bakersfield, CA 93389-2021
(805) 321-6634

As an employee of OXY USA Inc., one of Plaintiffs' lessees in the area, Mr. Thomas is believed to have knowledge of mineral leasing and operations in the area.

33. Dr. Ronald N. Tomas
Office of Garrison Commander
Fort Polk, LA 71459

Now believed to be as follows:

Dr. Ronald N. Tomas
1085 Maul Rd.
DeRidder, LA 70634-6532
(337) 463-8943

Dr. Tomas has been involved at Fort Polk since the early 1970's. He has knowledge of the military to acquire the minerals; the moratorium; the decision to permit the moratorium to expire; the effect of drilling activities on the military training mission; safety issues involved in drilling at Fort Polk; the permitting and regulatory process; and obstacles involved in attempting to develop mineral resources at Fort Polk.

34. Mark A. Virant
Staff Landman
Union Pacific Resources Company
P. O. Box 7
Fort Worth, Texas 76101-0007
(817) 877-6000
(817) 877-6753

Union Pacific Resources Company conducted mineral operations in the Austin Chalk area of Louisiana and negotiated with Plaintiffs for a mineral lease. Mr. Virant is expected to have information concerning Union Pacific's operations, operations of others and mineral leasing in the area.

35. Tom L. Ward
President and COO
Cheaspeake Energy Corporation
P. O. Box 18496
Oklahoma City, OK 73154-0496
(405) 840-3000, Ext. 105

As an employee of Cheaspeake Energy Corporation, Mr. Ward is believed to have knowledge of efforts by Cheaspeake to obtain access to Fort Polk for drilling. Mr. Ward is expected to have knowledge of the efforts by Cheaspeake and others to obtain mineral leases in the area including efforts to obtain leases on portions of Tract C.

36. Darin Zanovich
Swift Energy Company
16825 Northchase Drive, Suite 400
Houston, TX 77060
(281) 874-2700

As an employee of Swift Energy Company, Mr. Zanovich is believed to have knowledge of efforts by Swift to obtain access to Fort Polk for drilling. Mr. Zanovich is expected to have knowledge of the efforts by Swift and others to obtain mineral leases in the area including efforts to obtain leases on portions of Tract C.

**INTERROGATORY NO. 19:**

Please identify any other subsurface mineral rights you own other than those involved in this litigation, and whether the surface owner has placed any restrictions on access, and if so, describe those restrictions.

**ANSWER TO INTERROGATORY NO. 19:**

Central Pines Land Company: Central Pines Land Company owns no other subsurface mineral rights.

Tower Minerals Company, Inc.: Tower Minerals Company, Inc. owns no other subsurface mineral rights.

D, S & T, Inc.: D, S & T, Inc. owns mineral royalties affecting in excess of 75,000 acres of land, the extent of which is too burdensome to list in this document. As a matter of law the

surface owner can place no restrictions on access.

Drost & Brame, Inc.: Drost & Brame, Inc. owns mineral royalties affecting approximately 75,000 acres of land, the extent of which is too burdensome to list in this document. As a matter of law the surface owner can place no restrictions on access.

Jack E. Lawton, Jr.: Jack E. Lawton, Jr. owns mineral royalties affecting thousands of acres of land, the extent of which is too burdensome to list in this document. As a matter of law the surface owner can place no restrictions on access.

Linda Lew Lawton Drost: Ms. Drost owns mineral royalties affecting thousands of acres of land, the extent of which is too burdensome to list in this document. As a matter of law the surface owner can place no restrictions on access.

Evelyn Gay Lawton Duhon: Ms. Duhon owns mineral royalties affecting thousands of acres of land, the extent of which is too burdensome to list in this document. As a matter of law the surface owner can place no restrictions on access.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 1:**

Please produce or make available for inspection and copying each and every document which either supports your response or was identified in response to the interrogatories above.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 1:**

Please see the following exhibits: (1) Plaintiffs' Title Exhibits contained in one volume; and (2) Plaintiffs's Discovery Response Exhibits contained in ____ volumes.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 2:**

Please produce or make available for inspection and copying any and all appraisals, or other valuation documents, concerning any portion of the property interests in the present case, conducted before, incident to, or after any Plaintiff acquired any interest in the subject property, including contingent interests.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 2:**

See October 1, 1995, Estimate of Current Market Value of a Non-Producing Royalty Interest Covering Lands Situated in Vernon and Rapides Parish, Louisiana Prepared for William B. Lawton Company, Inc. by James Val Miller, CPL, MBA

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 3:**

Please produce or make available for inspection and copying any and all real estate tax statements, billings, invoices or similar documents concerning the subject property for all years from the date of purchase or acquisition by Plaintiffs to present.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 3:**

None, mineral interests are not subject to real estate taxes in Louisiana.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 4:**

Please produce or make available for inspection and copying any and all reports, documentation or written summaries of facts, information or opinions relied upon by you or someone on your behalf in answering these discovery requests.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 4:**

This request is extremely broad and is subject to interpretation. In addition to the materials identified in these responses, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 5:**

Please produce or make available for inspection and copying any and all documents relating to any offers to purchase all or part of the subject property interests from Plaintiffs.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 5:**

None.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 6:**

Please produce or make available for inspection and copying a copy of any mortgage, deed of title or trust, sale-leaseback contract, or any other financing or ownership document for the subject property from 1979 until the present.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 6:**

Please see:

(a) Collateral Mortgage affecting Group C and other properties dated November 1, 1995 executed by Drost & Brame, Inc. in favor of William B. Lawton Company, Inc. recorded in MOB 837, Page 543 under file number 1010909 records Rapides Parish, Louisiana, and

(b) Collateral Mortgage affecting Group C and other properties dated November 1, 1995 executed by D, S & T, Inc. in favor of William B. Lawton Company, Inc. recorded in MOB 837, Page 503 under file number 1010908 records Rapides Parish, Louisiana .

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 7:**

Please produce or make available for inspection and copying any and all maps, plans, reports, memoranda, or other documents identifying the location of any oil or gas reserves or deposits, drill holes or sampling points on the subject property.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 7:**

This request is extremely broad and is subject to interpretation. In addition to the materials

identified in these responses, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 8:**

Please produce or make available for inspection and copying any and all reports, memoranda, letters, maps, or other documents dealing with exploration work conducted on the subject property, including but not limited to proposed exploration programs and budgets, actual exploration work undertaken and the results obtained therefrom, and any statements of annual exploration expenditures.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 8:**

This request is extremely broad and is subject to interpretation. In addition to the materials identified in these responses, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 9:**

Please produce or make available for inspection and copying any and all reports, studies, or other documents which address mining on the subject property from any location.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 9:**

This request is extremely broad and is subject to interpretation. In addition to the materials identified in these responses, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 10:**

Please produce or make available for inspection and copying all reports, memoranda, letters, surveys, studies or other documents which address the potential and actual markets for any minerals or other resources located on the subject property, including any marketing plans and

strategies for the sale of any minerals or other resources produced from the properties, lists of potential and actual customers or lessees, projected and actual sales volume, and projected and actual prices.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 10:**

This request is extremely broad and is subject to interpretation. In addition to the materials identified in these responses, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 11:**

Please produce or make available for inspection and copying any and all sales agreements, letters of intent, offers of sale, offers to purchase, expressions of interest, and expressions of lack of interest received from, or delivered to, potential or actual customers or lessees related to Plaintiffs' property interests.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 11:**

Plaintiffs possess no materials relating to potential sales of the property; Plaintiffs have identified elsewhere in these responses efforts to lease Group C for mineral development. In addition to the materials identified in these responses, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 12:**

Please produce or make available for inspection and copying any and all reports, memoranda, letters or other documents addressing pre-production capital expenditures required for mine development on the subject property, including expenditures for equipment, facilities, infrastructure and all other assets, and including any time schedule for the expenditure of said pre-production capital.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 12:**

Plaintiffs possess none; but offer to produce for inspection and copying all of their non-privileged file materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 13:**

Please produce or make available for inspection and copying any and all reports, memoranda, letters or other documents addressing sustaining or replacement capital expenditures required throughout the life of any mine development on the subject property, including expenditures for equipment, facilities, infrastructure and all other assets.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 13:**

Plaintiffs possess no documents responsive to this request; but offer to produce for inspection and copying all of their non-privileged file materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 14:**

To the extent not produced or made available for inspection and copying for any of the foregoing requests, please provide all geologic data, petrophysical data, geophysical and seismic data, well log data, core data or any reports or studies for fields, wells, leases and/or reservoirs related to Plaintiffs' property interests in this litigation.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 14:**

This request is extremely broad and is subject to interpretation. In addition to the materials identified in these responses, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 15:**

To the extent not produced or made available for inspection and copying for any of the foregoing requests, please provide all graphic presentations for fields, wells, leases and or

reservoirs related to the Plaintiffs' property interests in this litigation, including but not limited to presentations covering production, injection, pressure, cross sections and seismic interpretation.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 15:**

This request is extremely broad and is subject to interpretation. In addition to the materials identified in these responses, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 16:**

To the extent not produced or made available for inspection and copying for any of the foregoing requests, please provide all maps or cross sections for fields, wells, leases and/or reservoirs related to Plaintiffs' property interests in this litigation, including but not limited to maps that show reservoir structure, isopach contours, fault planes or any other reservoir characteristics.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 16:**

This request is extremely broad and is subject to interpretation. In addition to the materials identified in these responses, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 17:**

To the extent not produced or made available for inspection and copying for any of the foregoing requests, please provide all statistical studies concerning reservoir characteristics for reservoirs related to Plaintiffs' property interests in this litigation, including but not limited to studies related to permeability, facies (rock characteristics), porosity, saturations or any other combination of data.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 17:**

This request is extremely broad and is subject to interpretation. In addition to the materials identified in these responses, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 18:**

To the extent not produced or made available for inspection and copying for any of the foregoing requests, please provide all reservoir studies related to Plaintiffs' property interests in this litigation, including but not limited to reservoir modeling, production decline curve analyses, material balance analyses, volumetric analyses and reserve reports.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 18:**

This request is extremely broad and is subject to interpretation. In addition to the materials identified in these responses, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 19:**

To the extent not produced or made available for inspection and copying for any of the foregoing requests, please provide all documents, including files, related to land, legal, lease, geologic, drilling and/or well files for fields, wells, leases and /or reservoirs related to Plaintiffs' property interests in this litigation, including files related to any well work, equipment, designs and proposal data for wells, reservoirs and/or leases.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 19:**

This request is extremely broad and is subject to interpretation. In addition to the materials identified in these responses, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 20:**

To the extent not produced or made available for inspection and copying for any of the foregoing requests, please provide all documents filed with governmental agencies and/or regulatory authorities related to fields, wells, leases and /or reservoirs related to Plaintiffs' property interests in this litigation.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 20:**

This request is extremely broad and is subject to interpretation. In addition to the materials identified in these responses, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 21:**

To the extent not produced or made available for inspection and copying for any of the foregoing requests, please provide all data showing dates and/or time lines of activity, including but not limited to exploration, drilling, construction and production, in the fields, wells, leases and/or reservoirs related to Plaintiffs' property interests in this litigation.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 21:**

This request is extremely broad and is subject to interpretation. In addition to the materials identified in these responses, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials. Plaintiffs specifically refer to the activities of Sonat Exploration Company and Chesapeake Operating, Inc. identified elsewhere in these materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 22:**

To the extent not produced or made available for inspection and copying for any of the foregoing requests, please provide all data regarding finding, exploration or development costs associated with the fields, wells, leases and/or reservoirs related to Plaintiffs' property interests

in this litigation.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 22:**

This request is extremely broad and is subject to interpretation. In addition to the materials identified in these responses, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials. Plaintiffs specifically refer to the activities of Sonat Exploration Company and Chesapeake Operating, Inc. identified elsewhere in these materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 23:**

To the extent not produced or made available for inspection and copying for any of the foregoing requests, please provide all contracts and agreements pertaining to the exploration, development and production of acreage, leases, wells, reservoirs, and/or fields related to Plaintiffs' property interests in this litigation.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 23:**

Elsewhere in response to these discovery requests Plaintiffs have identified mineral leasing activities regarding Group C. In addition, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 24:**

Please produce or make available for inspection and copying any and all documents which Plaintiffs intend to rely upon during any part of this litigation, including trial.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 24:**

Plaintiffs have not determined the documents which Plaintiffs intend to rely upon during any part of this litigation, including trial. Plaintiffs may rely on any of the documents identified in response to this discovery and identified in Plaintiffs initial disclosure.

This request is extremely broad and is subject to interpretation. In addition to the materials

identified in these responses, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials.

**REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 25:**

Please produce or make available for inspection and copying any and all documents which make reference to the subject property, or are otherwise relevant to this litigation.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 25:**

This request is extremely broad and is subject to interpretation. In addition to the materials identified in these responses, Plaintiffs offer to produce for inspection and copying all of their non-privileged file materials.

Respectfully submitted,

**THE GRAY LAW FIRM (APLC)**

BY:______________________________

**A. J. GRAY, III** (La. Bar #6253)
P. O. Box 1467
Lake Charles, LA 70602-1467
Telephone: (337) 494-0694
Facsimile: (337) 494-0697

Of Counsel:

Thomas C. McKowen, IV
STRAIN, DENNIS, & BATES, L.L.P.
318 St. Charles Street
Baton Rouge, LA 70802
Telephone: (225) 343-0100
Facsimile : (225) 343-0344

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO Plaintiffs was served on the following counsel of record by first class mail, postage prepaid:

Terry Petrie
Natural Resources Section
Environmental & Natural Resources Division
U.S. Department of Justice
999 18th Street,
Suite 945, North Tower
Denver, CO 80202

Alex Kriegsman
Natural Resources Section
Environmental & Natural Resources Division
U.S. Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663

Heath Dillon
Office of the Staff of Judge Advocate
Administrative Law Division, ATTN: Heath Dillon
Building 7133, Radio Road
JRTC & Fort Polk
Fort Polk, LA 71459

THUS DONE AND SIGNED this 19th day of April, 2005.

______________________________
**A. J. GRAY, III**