# EXHIBIT S

Department of Defense

# DIRECTIVE

NUMBER 4700.3
September 28, 1983

ASD(MRA&L)

SUBJECT: Mineral Exploration and Extraction on DoD Lands

References: (a) Section 21a of title 30, United States Code, "Mining and Minerals Policy Act of 1970"
(b) Section 1601 et seq. of title 30, United States Code, "National Materials and Mineral Policy, Research and Development Act of 1980"
(c) DoD Directive 4700.1, "Natural Resources -- Conservation and Management," November 6, 1973
(d) Section 351 et seq. of title 30, United States Code, "Mineral Leasing Act for Acquired Lands"
(e) Section 131 et seq. of title 30, United States Code, "Mineral Lands Leasing Act"
(f) through (n), see enclosure 1

1. PURPOSE

Under references (a) through (n), this Directive establishes policy, assigns responsibilities, and provides procedures for making DoD lands available for mineral exploration and extraction.

2. APPLICABILITY AND SCOPE

2.1. This Directive applies to the Office of the Secretary of Defense and the Military Departments (including their National Guard and Reserve components).

2.2. It applies to DoD-controlled lands acquired or withdrawn from the public domain (including Army civil works lands) within the United States and its territories and possessions for which the mineral rights are owned by the United States, with the following exceptions:

2.2.1. Mineral leasing of lands situated within incorporated cities, towns, and villages (references (d) and (e)).

2.2.2. Mineral leasing of tidelands or submerged lands (reference (d)).

2.2.3. Certain hardrock minerals known as locatables (30 U.S.C. 22, reference (g)).

2.2.4. A class of minerals composed of sand and gravel known as saleables (30 U.S.C. 601 et seq. and 41 CFR 101-47.302-2, references (h) and (i)).

3. DEFINITIONS

The terms used in this Directive are defined in enclosure 2.

4. POLICY

In accordance with established DoD policy to promote optimal use of real property under the multiple-use principle (DoD Directive 4700.1, reference (c)), DoD lands shall be made available for mineral exploration and extraction to the maximum extent possible consistent with military operations, national defense activities, and Army civil works activities.

5. RESPONSIBILITIES

5.1. The Assistant Secretary of Defense (Manpower, Reserve Affairs, and Logistics) shall:

5.1.1. Have primary responsibility for developing DoD policy for mineral exploration and extraction on DoD lands.

5.1.2. Ensure that the Military Departments issue regulatory documents implementing this Directive.

5.2. The Secretaries of the Military Departments shall:

5.2.1. Review and approve or disapprove requests from the Department of the Interior (DoI), the Federal mineral leasing agency, to lease DoD lands under 43 U.S.C. 155 et seq. (reference (n)) and DoD Directive 5160.63 (reference (k)).

5.2.2. Issue regulatory documents implementing this Directive to prescribe procedures relating to the issuance of permits and leases and the approval of plans of operations for mineral exploration and extraction.

5.2.3. Formulate a system for maintaining records of land status to assist the DoI in mineral leasing. This system shall be established in accordance with DoD Directive 5000.11 (reference (l)) and shall use existing standard data elements from DoD 5000.12-M (reference (m)), whenever possible.

6. PROCEDURES

6.1. If a Military Department cannot consent to exploration or extraction, it also may not approve testing or leasing. Exclusion of lands from exploration and extraction shall be justified and supported. Availability of lands is subject to certain conditions and stipulations that also shall be justified. Granting approval for leasing usually shall be construed as consent ultimately to allow drilling or other forms of mineral extraction. Accordingly, initial approval clearly shall indicate the conditions, if known, under which further exploration or extraction shall be allowed. For example, classified operations, ammunition and explosives operational storage requirements, and contaminated lands may restrict or exclude leasing or may require no surface disturbance stipulations (DoD 5154.4-S, reference (j)).

6.2. The Military Departments may issue permits to parties interested in conducting seismic or other geophysical tests on DoD lands. In unusual circumstances, the Military Departments may refer permit applications to the DoI for issuance. Permits are subject to the approval of, and conditions imposed by, the Military Department concerned. The issuing Agency shall make any required environmental and cultural studies. For permits issued by the DoI, the Military Department concerned shall provide, upon request, environmental and cultural information held by the Department.

6.3. Leases. The DoI receives and processes all mineral lease requests and then forwards such lease offers and title report requests to the Military Department

concerned. The Military Department then shall decide whether and under what conditions its land may be made available for leasing.

6.3.1. Environmental and Cultural Considerations for Leases. As the lead Agency, the DoI obtains all environmental and cultural documentation before deciding to lease. The responsibilities of the Military Department concerned, when acting as a cooperating Agency, shall be limited to providing to the DoI, upon request, any available environmental and cultural information.

6.3.2. Title Search. The Military Department concerned shall furnish to the DoI available information for acquired lands. DoI title records shall be relied upon for withdrawn public domain lands, except that the Military Departments shall identify all outstanding interests, such as easements and licenses. When title information is incomplete, the Military Department shall so advise the DoI.

6.3.3. Plans of Operations. After the lease is executed, the lessee submits a plan of operations (Application for Permit to Drill for oil and gas or Mining Plan for other minerals) to the DoI for technical review and coordination with the Military Department concerned. As a cooperating Agency, the Military Department shall supply appropriate stipulations; available environmental, endangered species, and cultural information; and concurrence with the plan. The DoI then formalizes the environmental considerations and approves the plan with the stipulations supplied by the Military Department. Stipulations shall be tied directly to the details of the proposed plan of operations, and each stipulation shall be objectively justifiable.

6.3.4. The DoI has the responsibility for the collection and disposition of proceeds derived from mineral leasing.

7. EFFECTIVE DATE AND IMPLEMENTATION

This Directive is effective immediately. Forward two copies of implementing documents to the Assistant Secretary of Defense (Manpower, Reserve Affairs, and Logistics) within 120 days.

PAUL THAYER
Deputy Secretary of Defense

Enclosures - 3
- E1. References, continued
- E2. Defintions
- E3. Summary of Mineral Leasing Authorities

E1. ENCLOSURE 1

REFERENCES, continued

(f) Section 1001 et seq. of title 30, United States Code, "Geothermal Steam Act of 1970"

(g) Section 22 et seq. of title 30, United States Code, "Mining Act of 1872"

(h) Section 601 et seq. of title 30, United States Code, "Materials Act of 1947"

(i) Section 471 et seq. of title 40, United States Code, "Federal Property and Administrative Services Act of 1949," as amended (41 CFR 101-47.302-2)

(j) DoD 5154.4-S, "DoD Ammunition and Explosives Safety Standards," January 1978, authorized by DoD Directive 5154.4, October 4, 1982

(k) DoD Directive 5160.63, "Delegations of Authority Vested in the Secretary of Defense to Take Certain Real Property Actions," August 10, 1978

(l) DoD Directive 5000.11, "Data Elements and Data Codes Standardization Program," December 7, 1964

(m) DoD 5000.12-M, "DoD Manual for Standard Data Elements," December 1982, authorized by DoD Directive 5000.12, April 27, 1965

(n) Section 155 et seq. of title 43, United States Code, "Engle Act"

## E2. ENCLOSURE 2

## DEFINITIONS

E2.1.1. Leasable Minerals. Minerals, such as oil and gas, that are owned by the United States and that have been authorized under statute as potential minerals for extraction under a mineral lease (30 U.S.C. 351 et seq., 181 et seq., and 1001 et seq., references (d) through (f)).

E2.1.2. Locatable Minerals. Minerals, such as gold and silver, that are owned by the United States, that are on public domain lands, that are subject to discovery and claim, and that are not leasable or saleable (30 U.S.C. 22, reference (g)).

E2.1.3. Mineral Lease. A grant of a right to explore for and extract leasable minerals. No surface occupancy, drilling, or other mineral extraction is permitted until an operations plan is approved by the DoI in consultation with the Military Department concerned.

E2.1.4. Multiple-Use Principle. The integrated management of all resources, each with the other, to achieve their optimum use and enjoyment while maintaining environmental and other qualities in balance.

E2.1.5. Permit. Temporary permission to conduct seismic or other geological and geophysical tests before requesting a mineral lease.

E2.1.6. Saleable Minerals. Common variety minerals, such as sand, clay, and gravel, that are sold under certain statutory authorities (30 U.S.C. 601 et seq. and 41 CFR 101-47.302-2, references (h) and (i)).

## E3. ENCLOSURE 3

## SUMMARY OF MINERAL LEASING AUTHORITIES

E3.1.1. 30 U.S.C. 351 et seq. (reference (d)) authorizes leasing of coal, phosphate, sodium, potassium, oil, oil shale, gas, or sulfur within acquired DoD lands. 30 U.S.C. 181 et seq. (reference (e)) authorizes leasing of coal, phosphate, sodium, oil, oil shale, native asphalt, solid or semi-solid bitumen, and bituminous rock or gas within DoD-withdrawn public domain lands under certain conditions and in certain places. Under the leasing statutes, the Secretary of the Interior is responsible for granting and administering such leases. 30 U.S.C. 1001 et seq. (reference (f)) authorizes the Secretary of the Interior to issue leases for development of geothermal steam and associated resources on public lands. This includes public lands withdrawn for use by the Military Departments.

E3.1.2. Reference (d) specifically provides for consent of the Head of the Executive Department having jurisdiction over the lands containing the mineral deposit before leasing. For public domain lands withdrawn for use of the Department of Defense 43 U.S.C. 155 et seq. (reference (n)) provides that there will be no disposition of or exploration for minerals on public domain lands when the Secretary of Defense, in consultation with the Secretary of the Interior, determines that such disposition or exploration is inconsistent with the military use of the land.