**Plaintiffs' Reply To Defendant's Response To Proposed Finding No. 50:**

Plaintiffs stand by Proposed Finding No. 50. Plaintiffs have not characterized the meeting and are not making inferences. Plaintiffs have merely quoted the minutes of the meeting as prepared by Army personnel. See, Pls. Opp'n Ex. 37; Pls. Opp'n Ex. 48, Hamilton Dep. 45.

**Plaintiffs' Proposed Finding No. 51:**

Despite Sonat personnel following up on several discussion items and actually filing for permits for drilling within Group C, Sonat never drilled any well with a physical location within the surface of Group C. Pls Opp'n Ex. 48, Hamilton Dep.

**Defendant's Response To Plaintiffs' Proposed Finding No. 51:**

Defendant agrees that Sonat never drilled any well with a physical location within the surface of Group C. Defendant objects that the remainder of this statement is not supported by the cited document.

**Plaintiffs' Reply To Defendant's Response To Proposed Finding No. 51:**

Agreed, no reply necessary.

**Plaintiffs' Proposed Finding No. 52:**

On April 1, 1997, representatives of Plaintiffs' lessee, Chesapeake, met with representatives of the United States to discuss access to, and mineral operation restrictions within, Group C. Not less than 14 representatives of the Army and Forest Service attended the meeting. The Chesapeake meeting was similar to the Sonat meeting with discussions focused on safety aspects of live fire, depth for placing pipelines, location of wells, placement of production facilities and the avoidance of "flares" which could be dangerous to night flying aircraft. Pls. Opp'n Ex. 51, Price Dep. Ex. 3.

**Defendant's Response To Plaintiffs' Proposed Finding No. 52:**

Defendant agrees that the referenced meeting took place and that access to, and mineral operation restrictions within, Group C were discussed. Defendant objects to Plaintiffs' characterization of the meeting as unsupported by the cited documents.

**Plaintiffs' Reply To Defendant's Response To Proposed Finding No. 52:**

Plaintiffs stand by Proposed Finding No. 52. See, Pls. Opp'n Ex. 51, Price Dep. Ex. 3.

**Plaintiffs' Proposed Finding No. 53:**

Chesapeake never drilled a well with a surface location within Group C. Pls. Opp'n Ex.44, Denny Dep. pp. 39, 54.

**Defendant's Response To Plaintiffs' Proposed Finding No. 53:**

Defendant agrees.

**Plaintiffs' Reply To Defendant's Response To Proposed Finding No. 53:**

Agreed, no reply necessary.

**Plaintiffs' Proposed Finding No. 54:**

Representatives of Plaintiffs' potential lessee, Belco, met with representatives of the United States to obtain access to Group C lands. Representatives of the United States Army specifically denied Belco's request. Pls. Opp. Ex. 47, Fife Dep. pp. 15-17, 28-29, 31-32, 38-39.

**Defendant's Response To Plaintiffs' Proposed Finding No. 54:**

Defendant disagrees. Belco was not a lessee and therefore had no standing to request access. Access was not denied by the United States.

**Plaintiffs' Reply To Defendant's Response To Proposed Finding No. 55:**

Plaintiffs stand by Proposed Finding No. 55. The denial of access to Group C lands to Belco is uncontradicted in the record. The deposition testimony of Belco representative Mel Fife, as conducted by counsel for Defendant, is as follows:

A. . . . we rolled out our maps. "This is the area that we want." And they said, "Yeah, that's the one area that you can't have. It's an old artillery range."

Q. What did they mean, you can't have access to it?

A. Can't have access to it. It's an old artillery range. And I remember because I'd done basic training at Fort Polk in 1968 and that was out in the area where you have to crawl on your stomach and they shoot live rounds of ammunition over your head and bombs go off and this and that and the other. And they just said that there was a lot of unexploded ordnance out there and that we could not go.

. . . And so we proposed that, "Wait a minute. We can do it in an acre and a half." And, you know, "Can't we go out there and run a mine sweep or a metal detector or something over just an acre and a half and y'all come clean it up and then we can drill our well?" No, that wasn't acceptable.

. . .

A. And the Army said absolutely not about coming on the place itself.

. . .

Q. Okay. And was it your understanding that the folks that you were meeting with would be the ones making the decision regarding access?

A. Yeah.

Q. And how did you know that?

A. Patton Boggs.

Q. Patton Boggs said these are the guys - -

A. You know, they had contacted the general. The general had said, "These are the people that you need to talk to.

Q. Yeah.

A. And so those were the people that we talked to.

Q. Okay. And tell me again, you sat down with them and they basically told you you're not allowed in?

A. Right.

Q. Did they give you a firm no and said, "We're not giving you access"?

A. Yeah.

Q. Yes?

A. Yes. And, like I said, we had several proposals - - proposals to them.

Q. You brought those proposals to the meeting?

A. Yes.

Q. And then - -

A. Now, I don't know that they were in writing. They were just ideas that were being exchanged during the meeting, you know, what if we did or what if we did that or what if we did something else. "What if we assumed full responsibility. I mean, if something blows up out there then we're responsible. The Army has nothing to do with it. Let us go under those conditions."

"No, you can't go out there."

Pls. Opp'n Ex.54, Fife Dep. pp. 43-44.

Respectfully submitted,

**THE GRAY LAW FIRM (APLC)**

BY: /S/ A. J. GRAY, III

**A. J. GRAY, III** (La. Bar #6253)
P. O. Box 1467
Lake Charles, LA 70602-1467
Telephone: (337) 494-0694
Facsimile: (337) 494-0697

Of Counsel:

Thomas C. McKowen, IV
STRAIN, DENNIS, & BATES, L.L.P.
318 St. Charles Street
Baton Rouge, LA 70802
Telephone: (225) 343-0100
Facsimile : (225) 343-0344

# CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was served on the following counsel of record by first class mail, postage prepaid:

Alex Kriegsman
United States Department Of Justice
Environmental And Natural Resources Division
Natural Resources Section
601 D Street, N.W., Room 3814
Washington, D.C. 20004

Terry Petrie
Natural Resources Section
Environment And Natural Resources Division
U.S. Department of Justice
999 18th Street
Suite 945, North Tower
Denver, CO 80202

LTC Michael D. Graham
Litigation Attorney
U.S. Army Environmental Law Division
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837

THUS DONE AND SIGNED on this 28th day of March, 2007.

/s/ A. J. GRAY, III
**A. J. GRAY, III**