**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CENTRAL PINES LAND COMPANY, ET AL. | ) | |
| | ) | |
| Plaintiffs, | ) | No. 98-314 L |
| | ) | |
| vs. | ) | |
| | ) | Chief Judge Edward J. Damich |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| ______________________________________ | ) | |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendant, United States of America, respectfully submits this opposition to Plaintiffs' motion for leave to file a sur-reply. On March 21, 2007, Plaintiffs filed a sur-reply to Defendant's reply in support of its motion for summary judgment. This sur-reply was not permitted by the Rules of the Court of Federal Claims and was stricken by the Court on March 26, 2007. Plaintiffs now seek live to file a sur-reply. Plaintiffs argue that they are entitled to a sur-reply because Defendant's reply in support of its motion for summary judgment "for the first time, briefed issues relevant to its Motion for Summary Judgment." Motion for Leave at 2. Because each argument set forth in favor of summary judgment in Defendant's Reply was indeed made in Defendant's opening brief, Plaintiffs' argument is without merit and Plaintiffs' motion for leave should be denied.

As set forth in Defendant's motion for summary judgment ("Opening Brief"), this case has a long and protracted history, but it has been greatly simplified by rulings from this Court and

by the United States District Court for the Western District of Louisiana in a related action, Central Pines Land Co. v. United States, No. 2:96-2000, slip. op. (W.D. La. July 28, 2000), aff'd, 274 F. 3d 881 (5th Cir. 2001). See Opening Brief at 3, August 12, 2004 Order at 4-5. Defendant previously filed a motion for judgment on the pleadings arguing that Plaintiffs' remaining claim -- Count II - was barred by the applicable statute of limitations. Plaintiffs responded that the statute of limitations did not apply because of the "continuing claim doctrine." Opening Brief at 1-2. The Court ultimately denied Defendant's motion for judgment on the pleadings, but found that "the application of the continuing claim doctrine will determine whether Count II is time barred." August 12, 2004 Order at 24. The Court anticipated a motion for summary judgment following discovery and instructed the parties to focus on attempts by Plaintiffs to access the "Group C lands" and what, if anything, Defendant did in response. Id. at 32.

In its Opening Brief, Defendant argued that the United States was entitled to summary judgment on Plaintiffs' remaining claim because Plaintiffs are unable to satisfy the Court's request to identify any attempts to access the Group C lands -- and therefore the continuing claim doctrine does not apply. Defendant also argued that, because Plaintiffs made no such attempts, Count II fails to state a claim. See Opening Brief. Defendant's Reply merely responds to Plaintiffs' Opposition brief and makes these same arguments -- that because Plaintiffs cannot identify any attempts to access Group C, Count II is barred by the statute of limitations and must fail as a matter of law. See Defendant's Reply.

Accordingly, Plaintiffs' fail to identify a valid reason entitling them to file a sur-reply and

Plaintiffs' motion should be denied.[1]

Dated: April 13, 2007

Respectfully submitted,

MATTHEW J. MCKEOWN
Acting Assistant Attorney General
Environment and Natural Resources Division

*/s/ Alex Kriegsman*

ALEX KRIEGSMAN
Trial Attorney
Natural Resources Section
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-3022
Fax: (202) 305-0506

CAPT. JAMES N. HEWITT
Litigation Attorney
U.S. Army Environmental Law Division
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tel: (703) 696-1596
Fax: (703) 696-2940

MATTHEW A. TILDEN, ESQ.
Office of the General Counsel
U.S. Department of Agriculture
1718 Peachtree Road, NW - Suite 576
Atlanta, GA 30309-2409
Tel. 404-347-1086
Fax. 404-347-1065

DENNIS DAUGHERTY

[1]/ In the alternative, should the Court grant Plaintiffs' motion for leave, Defendant respectfully submits that Defendant, as the moving party, should be permitted to file a brief response to Plaintiffs' sur-reply.

Assistant Solicitor
Department of the Interior
Office of the Solicitor
Division of Mineral Resources
Branch of Petroleum Resources
1849 C St., N.W., Rm 6312
Washington, DC 20240
Tel: (202) 208-5038
Fax: (202) 208-2225

ATTORNEYS FOR DEFENDANT