# In the United States Court of Federal Claims

No. 98-314 L
(Filed: September 5, 2007)

| | |
|---|---|
| **CENTRAL PINES LAND COMPANY, et al.,** | * |
| Plaintiffs, | * |
| v. | * |
| **THE UNITED STATES,** | * |
| Defendant. | * |

## ORDER

The Court has concluded that supplemental briefing or documentation is required to assist in the consideration of the pending dispositive motions in this matter. Specifically, the Court's confusion over an inconsistency between Plaintiffs' arguments prior to and subsequent to Judge Yock's opinion of August 12, 2004 has prompted this inquiry.

This Court stated in its opinion that "a complete record of events from 1978 to the present, with particular emphasis on April 3, 1992, through the present" remained crucial to determining whether the "continuing claims" doctrine applied to the statute of limitations in this case. *Central Pines Land. Co. v. United States*, 61 Fed. Cl. 527, 539-40 (2004). At this time, however, the Court still lacks such a fully developed factual record, especially in regard to events preceding 1992. While Plaintiffs have vaguely hinted at the possibility of government actions constituting a taking before 1992 in the First Amended and Restated Complaint, which notes that the United States prevented or impaired Plaintiffs' use of "Group C" land "[a]fter the termination" of Defendant's drilling and operations moratorium, Plaintiffs admit that they did not attempt to exercise mineral rights on Group C lands between 1978 and 1991. First Amended And Restated Complaint ¶¶ 32-37; Plf's Proposed Findings of Uncontroverted Fact ¶ 3; Def's. Response to Plf's Proposed Findings of Uncontroverted Fact ¶ 3. In fact, Plaintiffs admit that "the United States took no action to prevent, impede or limit Plaintiffs' access to Group C lands or to otherwise prevent Plaintiffs from developing minerals on Group C lands" between 1978 and 1991. Plf's Proposed Findings of Uncontroverted Fact ¶ 3.

The Court, therefore, **ORDERS** Plaintiffs to submit a brief on the following question:

Between 1978 and the filing of this case, what events constituted a final administrative action that precluded Plaintiffs from deriving economic benefits from the Group C lands, thereby causing a taking to occur? *See Williamson Cnty. Reg'l. Planning Comm'n. v. Hamilton Bank*, 473 U.S. 172, 191 (1985) ("[F]actors [crucial to determining whether a taking has occurred, such as the extent to which a government action has interfered with investment-backed expectations,] simply cannot be evaluated until the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question."). In answering this question, Plaintiffs should submit a list of such events and the dates they took place. The Court seeks to determine whether Plaintiffs' admission that Defendants did not impede access to the Group C lands between 1978 and 1991 confirms that Plaintiffs now contend that the events supporting their takings claim occurred after 1992, thereby removing statute of limitations concerns as an issue in this case.

Plaintiffs shall file briefing to this effect on or before **Tuesday, September 19, 2007.** Defendant's should submit a response, if any, on or before **Tuesday, October 3, 2007.**

s/Edward J. Damich
EDWARD J. DAMICH
Chief Judge