THE GRAY LAW FIRM
A PROFESSIONAL LAW CORPORATION
ONE LAKESHORE DRIVE, SUITE 110
POST OFFICE BOX 1467
LAKE CHARLES, LOUISIANA 70602-1467

FACSIMILE
(318) 494-0697

TELEPHONE
(318) 494-0694

March 11, 1996

**VIA FACSIMILE**
**(202) 690-2730**

Mr. Jeff Eisenberg
USDA - OGC
South Building 4636
14th & Independence Ave S.W.
Washington, D.C. 20250 - 1400

**Re: Imprescriptible Mineral Interests of Tower Minerals Company, Inc. and Central Pines Land Company Under Portions of the Kisatchie National Forest in Vernon Parish, Louisiana**

Dear Jeff:

Reference is made to the letter dated November 9, 1995 from the undersigned addressed to Mr. Mike Cruse, Deputy General Counsel, Office of General Counsel, United States Department of Agricultural, Little Rock, Arkansas, concerning the captioned matter ("Cruse letter") as well as to our various telephone conversations over the last several months.

Please consider this letter as a settlement proposal by Tower Minerals Company, Inc. and Central Pines Land Company ("Lawton Companies").

As you are aware the lands considered in this settlement fall in two categories. Tracts A and B as described in the Cruse letter and depicted on the map previously furnished to you are characterized by us as being in the "Kisatchie situation" while Tract C is in the "artillery range situation." As to the Kisatchie situation, prior to 1940, the United States acquired the property by conventional deed, subject to an outstanding mineral ownership. The Tract C or artillery range situation properties were acquired by the United States subsequent to 1940 by expropriation subject to an express reservation of all of the minerals.

EXHIBIT
tabbies
U

---

This settlement proposal covers the entirety of Tracts A and B and that portion of Tract C included in the Joint Order Interchanging Administrative Jurisdiction of Department of the Army Lands and National Forest Lands executed by the Secretary of the Army on December 4, 1974 and by the Secretary of Agriculture on March 12, 1975.

Lawton Companies propose that they be recognized as owners in perpetuity of 100% of the minerals under all of the properties involved. In exchange, as to those portions of Tracts A and B currently subject to mineral leases which cloud the title of the Lawton Companies ("Exhibit 'A'" to the Cruse letter being a complete inventory of said leases[1]) Lawton Companies will grant to the United States a royalty interest equal to 1/32 of 8/8ths for as long as the mineral leases remain in force. The Lawton Companies agree to negotiate in good faith with all lessees of the United States to reach agreements to permit the drilling of the property.

Jeff, this offer is consistent with the strong legal position of the Lawton Companies yet permits the United States to share in potential revenue from the property without the risk of losing all interest in the minerals in the event of litigation. The United States is a large landowner in Louisiana. Much of its properties were acquired under circumstances similar to that under consideration here. A settlement with Lawton Companies affects only the Lawton lands. A decision adverse to the United States could affect a substantial portion of its holdings. Thus, the downside risk of loss to the United States is great.

We feel that there is substantial possibility that, in the event litigation is necessary to resolve the dispute, wells currently proposed on Kisatchie lands may not be drilled by your lessees. This is because many of the federal leases well terminate next year. If these leases terminate without a settlement, your lessees may move their Austin Chalk exploratory operations to other areas on the "play" rather than trying to buy new federal leases and paying additional bonuses and rentals while waiting for the dispute to be resolved. A settlement now provides the incentive for the Lawton Companies to complete negotiations with the government's mineral lessees covering the mineral interest of the Lawton Companies and insures the government a significant share of any production which might occur.

Please submit this proposal to the appropriate officials. We will make ourselves available for discussion at times convenient to the United States. Without suggesting a deadline or specific response date, we respectfully request prompt consideration of this proposal. If it appears that an out of court settlement cannot be reached for any reason, please

---

1 We enclose a map upon which we have outlined the leases which cloud the title of Lawton Companies.

let us know. If litigation will be necessary, it is in the best interest of all parties to proceed expeditiously.

Yours very truly,

**STRAIN, DENNIS, MAYHALL & BATES, L.L.P**

By:______________________
Kim G. Mayhall
318 St. Charles Street
Baton Rouge, Louisiana 70802

**THE GRAY LAW FIRM (APLC)**

By:______________________
A. J. GRAY, III