# In the United States Court of Federal Claims

No. 98-314 L
(Filed: February 29, 2008)

*****************************************
CENTRAL PINES LAND COMPANY, et al.,
Plaintiffs,
v.
THE UNITED STATES,
Defendant.
*****************************************

## ORDER FOR ORAL ARGUMENT

The Court deems oral argument to be necessary in regard to Defendant's Motion for Summary Judgment. Both parties' counsel should be prepared to address the following issues:

1. What sort of taking occurred in this case in the context of the "tests" the United States Supreme Court has established for determining whether a taking occurred (e.g. *Penn Central Transp. Co. v. New York City*, 438 U.S. 104 (1978); *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (1982); *Lucas v. S.C. Coastal Council*, 505 U.S. 1003 (1992) )? How could one conclude that a taking did not occur in the context of either of those tests? The parties are to refer to specific facts of this case in discussing this issue.

2. To what extent can a government assertion of title to property in the wake of a competing claim to the same property, even in good faith, amount to a taking in the context of *Yuba Goldfields, Inc. v. United States*, 723 F.2d 884 (Fed. Cir. 1983)? Why or why not is the instant action distinguishable?

3. Exactly what portions of Group C were in dispute? What portions were leased? From whom and to whom? How many acres did each lease involve? The Court wishes to familiarize itself with how any of these lands overlapped. Counsel should be prepared to answer these questions in the context of every assertion of title, mineral lease, and denial of access alleged in prior submissions.

4. What mineral extractions occurred during the time of the alleged taking? Who performed each extraction and under what supposed authority?

5. Counsel should be prepared to clarify any documented instances where an agent of Defendant explicitly informed a representative of a potential lessee that lands on Group C were not accessible. Under what authority did Defendant deny such access, if they did so at all?

6. If Plaintiffs still wish to allege that contamination from military use of Group C effected a taking of mineral rights, what facts demonstrate that Defendant was or was not liable for such a taking after 1992? Please refer to the criteria listed in the first question.

Oral argument in this case will take place on **Thursday, March 27, 2008 at 10:00 a.m. Eastern Time at the National Courts Building, United States Court of Federal Claims, in Washington, D.C.** The parties may contact law clerk Ernesto Sanchez at 202-357-6486 with any questions.

s/Edward J. Damich
EDWARD J. DAMICH
Chief Judge